## FIVECOAT v. FIVECOAT.

Divorce: ALIMONY. Where a divorce is granted to the husband on account of adultery of the wife, alimony will not be granted to her where the husband has acquired no property by her, or she has not contributed thereto by her industry or otherwise, and where he is without fault as respects her crime.

*Appeal from Madison District Court.*

### FRIDAY, JULY 28.

ACTION, by the husband, for divorce, on the ground of the adultery of the wife; answer in denial; also, a cross petition by the wife, for divorce and alimony, on the ground of inhuman treatment, such as to endanger her life. Trial to the court, who found that the allegations of the cross-petition were untrue; that the defendant, the wife, had been guilty of adultery subsequent to her marriage with plaintiff, and granted to him a divorce on that ground. The court also allowed the defendant $400 alimony. From this order allowing alimony, the plaintiff appeals.

*John Leonard* for the appellant.

*J. S. McCaughan* and *S. G. Ruby* for the appellee.

COLE, J. — The parties were married on the 14th day of January, 1870, and their separation took place on the 20th day of May following. Each of the parties had been married before and had children, those of the plaintiff being older than those of the defendant. The testimony tends to show that, during the time the parties lived together, about four months, the defendant was guilty of adultery with two different persons, and with several others since their separation; that the plaintiff had about, certainly not exceeding, $3,000 worth of property, and was in

debt to the amount of about $1,000 to $1,500, including the costs in this case, and that he has five children; that the defendant had been divorced from a former husband; was the mother of three children, whom she had with her; that she owned a small house and lot, a cow and calf, a heifer and some household and kitchen furniture, all of comparatively-small value; that she took away with her, at the time of the separation, all the property which had previously belonged to her.

It is provided by our Revision, section 2537: "Where a divorce is decreed the court may make such order in relation to the children and property of the parties, and the maintenance of the wife, as shall be right and proper." This is probably but declarative of the law as it stood before the statute. The closing part of the section, to wit: "subsequent changes may be made by the court in these respects, when circumstances render them expedient," doubtless effectuates a change in the law, or, at least, in the manner of enforcing it.

As a rule of law, it must be very well settled that where a divorce is granted the husband, on the ground of the adultery of the wife, she is not entitled to alimony out of the husband's estate. We do not say that there may not be cases in which it might "be right and proper" to allow alimony to an adulterous, divorced wife. But it could only be so where the husband had acquired property by the wife, or she had been the meritorious cause of it, by a comparative life-time of industry or otherwise, and he was not without fault as respects her crime. In this case the wife brought no property to the husband; she lived with him but about four months, and the district court found her guilty of adultery, against which she makes no complaint, and from which she takes no appeal. Surely *she* cannot be entitled to alimony. Bish. on Mar. & Div. (3d ed.) §§ 564, 565. Same in 2 id. (5th ed.) § 377.

Reversed.