DOROTHEA SHAFER, APPELLEE, v. WILLIAM H. SHAFER, APPELLANT.

**Divorce and Alimony.**    A and B were married in 1873, each at that time having a number of children by a former marriage. The wife refused to remove to the home of her husband, and about two years after the marriage abandoned him, and thereafter brought an action for a divorce, which was denied on her petition, but granted to the husband on his answer.    *Held*, That on the testimony in the case a decree for permanent alimony was erroneous.

APPEAL by defendant from a decree of the district court of Cass county. Tried below before POUND, J.

*T. M. `Marquett* and *Sam. M. Chapman*, for appellant.

In this case there has been no pretense that plaintiff comes within that class of litigants, living separate and apart from her husband, without an income competent for her support and the maintenance of the suit. She did not ask for alimony *pendente lite*. Her own testimony shows her ample estate and means of support, and *ability* to manage the same. The true rule of the law seems to be, that while the courts will, as a rule, allow a defendant wife temporary alimony during the pendency of a suit for divorce, it is not done unless she shows upon oath or otherwise that she has a valid defense. *Osgood v. Osgood*, 2 Paige, 621. *Wood v. Wood*, 2 Paige, 108. *Worden v. Worden*, 3 Edw., Ch., 387. *Lewis v. Lewis*, 3 John. Ch., 519. *O'Haley v. O'Haley*, 31 Texas, 502. *Angelo v. Angelo*, 81 Ill., 254. *Newman v. Newman*, 60 Ill., 167. And in order to authorize a decree for alimony for the wife it must be proved that the separation was caused by misconduct of the husband. *Wallingsford v. Wallingsford*, 6 Har. and J., 483. And even in cases where the conduct of the husband was such as to cause separation, if the violence complained of was induced by provocation upon the part of the wife, she is not entitled to alimony. *Boyd v. Boyd*, 1 Harp. Ch., 144. And alimony will not be decreed where a wife has abandoned her husband. *Boggess v. Boggess*, 4 Dana, 307.

*Thomas B. Stevenson* and *George S. Smith* (*Edwin J. Murfin* with them), for appellee.

1. The allowance for permanent alimony is a question resting in the discretion of the court. As it is a ju-

dicial and not an arbitrary discretion to be exercised we do not say there may not be an appeal therefrom, but we do insist that the power must, however, be shown to have been arbitrarily exercised, otherwise the law does not contemplate a review of such decision in this court. *Forrest v. Forrest,* 25 N. Y., 518. *Petersine v. Thomas,* 28 Ohio State, 599. And this discretion will be exercised in view of all the circumstances of the case, in such form as will best meet the condition of the parties, and make the provision a sure reliance, it will be made in proportion to the wants of the party asking it, and the ability of the person who is to pay it. *Wheeler v. Wheeler,* 18 Ill., 39. *Bergen v. Bergen,* 22 Ill., 187. *Foote v. Foote,* 22 Ill., 425. *Joliff v. Joliff,* 32 Ill., 527.

2. The wife's separate estate is not to be taken into consideration or account, for it was the husband's duty to support her irrespective thereof. He was not compelled to appropriate anything from the separate estate to her own support. Hence the position of appellant—that because respondent may be in good circumstances and estate she should not have alimony—is erroneous. If husband was bound to furnish her, independent of her estate, then, likewise, alimony should be granted her. 4 Barb., 546. 1 Johns. Ch., 450, 458. 3 Johns. Ch., 77. 17 Johns., 548, 593.

MAXWELL, CH. J.

In January, 1877, the plaintiff commenced an action against the defendant, in the district court of Cass county, for a divorce and alimony. The defendant, in answer to the plaintiff's petition, denies the material facts therein stated, except the marriage, and prays for a divorce on the ground of abandonment.

On the trial of the cause the court found that plain-

tiff Dorothea Shafer has failed to sustain the allegations of her said bill, etc., "and the court does further find upon the testimony adduced that said plaintiff has been guilty of abandoning defendant without sufficient cause for more than two years prior to the commencement of·the said action. * * Wherefore it is ordered, adjudged, and decreed by the court that said Wm. H. Shafer be granted a divorce from the said Dorothea Shafer, and that the bonds of matrimony heretofore existing between said parties be annulled and set aside, and that Wm. H. Shafer pay to the said plaintiff the sum of one thousand dollars in lieu of all dower or interest the said plaintiff may have in and to the property and real estate of said Wm. H. Shafer, defendant, as alimony, as follows: $300 in thirty days, $200 in three months, $250 in six months, and $250 in one year from the date of the rendition of this decree. And that the said Wm. H. Shafer, annually, on the first day of October of each and every year until further order be made, pay unto said Dorothea Shafer, for the support and maintenance of said two minor children, the sum of $125, and that said Dorothea Shafer, plaintiff, shall pay the costs of this action," etc. The defendant appeals to this court.

It appears from the bill of exceptions that the parties were married in 1873, each at that time having a number of children by a former marriage. It also appears that the plaintiff, who seems to have been in possession of the estate of her former husband, after her marriage with the defendant, refused to remove with him to his residence, and that about two years after said marriage she abandoned him. It also appears that she kept an account with the defendant in the same manner as though they had not been married, and that the account, although there is some dispute as to some of the items, has been paid by him. The

decree for alimony, therefore, is not for the property of the wife received by the husband, but as an allowance, presumably in lieu of dower.    Does the testimony justify the court in decreeing permanent alimony?    In awarding permanent alimony, in addition to the financial ability of the husband, the court will take into consideration the conduct of the wife, the duration of the marriage relation, and all the circumstances which tend to prove or disprove her right to the same.    In the case at bar, the court finds that the husband was not at fault, and refused to grant a divorce on the wife's petition, but granted the same on the answer of the husband.    And the testimony clearly shows that she is the party at fault, and is not entitled to alimony.    The allowance to the plaintiff, for the care of the infant children of the parties, is reasonable and just and will be continued in force, as provided in the decree.    The decree providing for the payment of $1,000 alimony to the plaintiff is reversed, and the decree of the court in all other respects is affirmed.

JUDGMENT ACCORDINGLY.