HENRY ATKINS, APPELLANT, v. REBECCA ATKINS, APPELLEE.

1. **Practice in supreme court.** After a cause is submitted to the court on the merits, it is too late to raise the objection that the bill of exceptions was not presented to the adverse party for correction and amendment before being signed by the judge.

2. **Divorce and alimony.** Decree for alimony modified by reducing the same from $5,500 to $3,000, and an allowance for attorney fees and expenses from $2,000 to $1000.

Appeal from the district court for Lancaster county. Tried below before POUND, J.

*T. M. Marquett,* and *Courtnay & Caldwell,* for plaintiff (appellant).

*J. R. Webster* and *J. H. Foxworthy,* for defendant, (appellee).

BY THE COURT.

This action was commenced in 1873 in the district court of Lancaster county, by the plaintiff against the defendant, to obtain a decree of divorce. The defendant was a non-resident of this state, and service was had upon her by publication. In consequence of a failure to state essential facts in the affidavit for publication the decree was held for naught, and the defendant permitted to answer. *Atkins v. Atkins,* 9 Neb., 191. The defendant thereupon filed an answer and cross petition and a large amount of testimony was taken, and a decree of divorce rendered on the cross petition, and for alimony as follows: Two thousand dollars for expenses and attorney fees, in addition to three hundred and fifty dollars previously allowed. Twenty-five dollars per month to be paid by the plaintiff to the defendant from the 21st day of July, 1879. Five thousand five hundred dollars, in lieu of dower, to be paid in installments.

1. Since the case was submitted an informal objection has been made to the bill of exceptions, that it was not presented to the adverse party for correction and amendment before being submitted to the judge for his allowance. This is an objection that must be made at the earliest opportunity, and before the case is submitted on the merits. The rule was adopted to insure the obtaining of a correct bill of exceptions. But if the bill has been properly signed and the case is submitted to the court without objection upon that ground, the presumption is that the bill is correct, and the fact that it was not submitted to the adverse party for correction is error without prejudice. In any event, under our present statute the objection must be made before the submission of the case.

2. The testimony upon which the divorce was granted

is conflicting, and in our opinion sustains the decree. The amount allowed for alimony, however, seems excessive, and the same is true of the sum granted for attorney fees. The testimony is quite indefinite as to the value of the plaintiff's estate, but it fails to show it to be worth sufficient to justify the court in awarding the very large sums allowed in the decree. In addition to this, the defendant has lived apart from the plaintiff for years, to some extent of her own volition, and has contributed but little to the accumulation of the property. The case, therefore, falls within the rule laid down in *Shafer v. Shafer*, 10 Neb., 468. The decree of five thousand five hundred dollars is reduced to three thousand dollars, to be paid as follows: One thousand dollars in thirty days, one thousand dollars in one year from this date, with interest, and one thousand dollars in two years, with interest.

3. The amount allowed for attorney fees and expenses is reduced to one thousand dollars in addition to the three hundred and fifty dollars previously allowed, and with these modifications the decree is affirmed, except that, it is not to be a lien upon the plaintiff's real estate, and the cause is remanded to the district court for Lancaster county, with directions to enter a decree in conformity with this opinion,

REVERSED AND REMANDED.