## ENSLER v. ENSLER.

1. **Divorce: EXCESSIVE ALIMONY: APPEAL.** In this case there was a decree below for divorce and alimony, but, upon consideration of the evidence, it appears to this court that a divorce was not warranted. However, as no appeal is taken from that part of the decree granting the divorce, it must be allowed to stand, but the judgment for $450 alimony against defendant, who is sixty-eight years old, and is able to earn only five or six dollars a week, and whose property consists of a house and lot worth about $1,500, and about $200 in money, *held* to be excessive, and, plaintiff having already received $100 as temporary alimony, any further allowance is denied her.

*Appeal from Dubuque Circuit Court.*

FRIDAY, JUNE 24.

THIS is an action for a divorce. There was a decree for the plaintiff for a divorce, and for the sum of $450. The defendant appeals from the order requiring him to pay the alimony.

*E. McCeney* and *W. G. Joerns*, for appellant.

*J. C. Longueville*, for appellee.

ROTHROCK, J.— The claim for a divorce is grounded upon

cruel and inhuman treatment. The specifications are that the defendant assaulted the plaintiff and beat her; that he produced one or more abortions upon her; and that he subjected her to excessive sexual intercourse. The parties were married in the year 1882, and lived together until 1885. The plaintiff is about forty years of age, and the defendant is about sixty-eight years old. The defendant had some seven or eight children by a former marriage. Some of these children were minors, aged from twelve years upward. The defendant owns a half lot, with a dwelling-house situated thereon. The property is not worth to exceed $1,500. This, with one or two hundred dollars, constitutes all of his estate. He is by occupation a carpenter and cabinet-maker. At the time of his marriage he earned from seven to nine dollars a week. In 1884 he broke his arm, and since that time he has earned from three to five dollars a week. He is ruptured in two places, and is unable to earn full wages.

The evidence does not, in our opinion, warrant a decree of divorce. We do not propose to set it out here. It is enough to require us to read its disgusting details. Nearly every complaint made by the plaintiff in her testimony is either refuted by more than one witness, or is manifestly untrue because physically impossible to be true. But, as no appeal has been taken from the decree for divorce, that must be allowed to stand. The order for the payment of alimony will be reversed. The record shows that plaintiff was allowed $100 temporary alimony, which has been paid. With this she must be content.

REVERSED.