PAULY, Respondent, vs. PAULY, Appellant.

*September 23 — October 11, 1887.*

DIVORCE: *Issue as to alimony: Temporary and permanent alimony: Suit money: Custody of child: Return of property.*

1. Upon the trial of a suit for divorce it is within the discretion of the court to separate the issue as to alimony from that as to the divorce, or to try both together. The latter is the common, and, it would *seem*, the most speedy and satisfactory practice.
2. An allowance of $500 suit money will not be held excessive, where, on appeal, it appears that the defendant, though of ample ability, has been and still is delinquent in the payment of temporary provisions made by order of the court for the support of the wife and

child, and has fled the jurisdiction of the court to avoid compulsory process; and he may in addition be charged $50 suit money in the appellate court.

3. The sum of $5,000 permanent alimony, *held* not to be excessive in a divorce case, where it appeared from the evidence that the defendant had recently been in the possession of a very liberal estate, which he may be able to regain; that he is of high social standing, and possesses great physical and mental ability, and has skill, industry, and enterprise in accumulating property, and that by reason of his outrageous and cruel conduct the plaintiff has been obliged to seek the protection of another home.

4. Where a divorce is granted to a wife for severe cruel and inhuman treatment on the part of her husband, the custody of her infant female child may properly be given to her by the judgment.

5. On granting a divorce in a suit by the wife, it is a matter of course to adjudge the return to her of her separate property and personal and household goods.

APPEAL from the County Court of *Milwaukee* County.

This is an action by a wife for a divorce from her husband, commenced May 10, 1886, in the circuit court for Milwaukee county, and upon defendant's application removed to the county court of that county. The complainant charges many acts of cruel and inhuman treatment; alleges that the defendant is worth $40,000; that the fruit of the marriage is one female child, less than one year old; and that the defendant is an improper person to have charge of such child; and asks for an absolute divorce, for the custody of the child, and for alimony.

On May 15th an order was made, on motion of the plaintiff, for the payment to her of $50 for attorney's fees, $15 for witness fees, and $15 per week for the support of herself and her child, and the defendant was enjoined from disposing of his property. A subsequent application by the defendant for a reduction of the amount allowed was denied by the court.

The cause was tried in February, 1887, and before any testimony was offered the defendant moved the court to re-

serve the question of alimony or division of property until the main issue had been disposed of, which motion was denied. On March 26, 1887, a judgment of divorce was entered, which gave the custody of the child to the plaintiff; adjudged that the defendant pay $12 per month for the care and maintenance of the child; that he pay to the plaintiff the sum of $90, due and unpaid for temporary alimony; the sum of $1,091 for money borrowed by him from her, with the accrued interest, and the sum of $500 for counsel fees; that he deliver to her certain personal property and household goods; and also, as a final division and distribution of his estate, that he pay to her the sum of $5,000. From this judgment the defendant appeals.

For the appellant there was a brief by *Markham & Noyes*, attorneys, and *O. F. Williams*, of counsel, and oral argument by *Mr. Williams*. They argued that the court should have disposed of the main issue first, as asked by the defendant. The question of alimony is one for the court after that for the divorce has been decided affirmatively. *Forest v. Forest*, 6 Duer, 102, 144; *Burr v. Burr*, 7 Hill, 208; *Williams v. Williams*, 29 Wis. 517; 36 id. 362; *Campbell v. Campbell*, 37 id. 206; *Bacon v. Bacon*, 43 id. 197; *Moul v. Moul*, 30 id. 203; *Cole v. Cole*, 27 id. 531; 2 Van Santvoord's Eq. Pr. 233. There is no evidence to sustain the findings that the defendant is not a fit person to have the care of the child; or that he had any money belonging to his wife; or that she furnished any of the articles ordered to be delivered to her. The allowance for counsel fees and that for permanent alimony was excessive. 2 Bishop, Mar. & Div. secs. 391, 455–461; *Baldwin v. Baldwin*, 6 Gray, 341; *Jackson v. Stewart*, 20 Ga. 120; *Collins v. Collins*, 29 id. 517; *Varney v. Varney*, 58 Wis. 19. The plaintiff should have been left to enforce the payment of unpaid temporary alimony in the ordinary way. *Hoffman v. Hoffman*, 55 Barb. 269.

For the respondent there was a brief by *Jenkins, Winkler, Fish & Smith,* and oral argument by *Mr. Fish.*

ORTON, J.  The complaint charges very many acts of cruel and inhuman treatment of the respondent by the appellant, and states that the defendant is worth $40,000; and prays for a divorce, the custody of their infant female child, born the 16th day of August, 1885, and for alimony. On this appeal the judgment of divorce is not questioned, but the appellant complains of the custody of the child being given to the respondent, and of the amount of the alimony allowed to her.  The learned counsel of the appellant does not so much question the fact of the cruelty and inhuman treatment charged, but attempts to extenuate it by saying in his brief that "there is nothing in her [the respondent's] testimony that discloses any *premeditated* acts of cruelty by the appellant at any time," and that "no one ever knew of this trouble [the abuse of her mother, and his *choking* her, and *kicking* her out of bed] except herself and her husband."  The county court found that the appellant had been guilty of cruel and inhuman treatment of the respondent as alleged in the complaint.

The principal complaint in this case now being the amount of alimony allowed, the treatment of this wife by her husband during their married life is a most important consideration.  2 Bish. Mar. & Div. § 472.  In *Burr v. Burr,* 7 Hill, 207, Chief Justice NELSON says: " The scenes of suffering through which this lady has passed during her cohabitation with the appellant are so shocking and revolting to our nature as to induce one to discredit the account were it not partially admitted in the answer, and most abundantly substantiated by the witnesses. . . . Where the delinquency of the husband has been established, and the wife is the injured party, driven by his *cruelty* from the comfort of domestic enjoyments, she should be *liberally*

*supported.*" This case is cited by counsel on both sides, and certainly the above language is very appropriate to this case. The many scenes of most brutal and revolting cruelty, related by the respondent in her testimony, through which this young wife and mother was compelled to pass during the short period of her married life,— sometimes in public, but mostly in the privacy of her home, where she could have no protection,— are almost without precedent, and indicate, on the part of the appellant, a cowardly, unmanly, and brutal nature that can feel no compunction or shame, and totally unfits him for the domestic relations of a husband and a father. It is said that he has most respectable connections in life, whom he has at the same time most outrageously digraced. The respondent was compelled to fly from his cruelty and tyranny to save herself and her child from injury, and she certainly ought to have the most liberal provision made for her support in the future, compatible with his ability to pay it or earn it. Alimony in such a case is in the nature of *damages or compensation* for the injury, and for the abused wife's physical and mental sufferings, and for the loss of what ought to be a good husband's society; and she ought to be made as well off *pecuniarily*, *away* from him, as could reasonably have been expected *with* him. 2 Bish. Mar. & Div. § 468; *Barker v. Dayton*, 28 Wis. 367.

I will not tarry on the question raised by his learned counsel whether he or she is the most fit person to have the custody of their female infant, or hesitate to affirm that part of the judgment.

The practice adopted, in this case, of inquiring into the means of the appellant to pay alimony, or as to his estate that might be assigned to her, on the main trial, that the learned counsel of the appellant takes exception to, was in the discretion of the court, which in such cases, both by our statute (ch. 109, R. S.) and by the authorities is plenary.

*Williams v. Williams*, 29 Wis. 517. There is no settled practice in this country in respect to a separate issue for alimony, and it is common to try both issues together, and the alimony determined after that of the divorce. But there is no substantial error about it. It would seem to be the most speedy and satisfactory practice to form the issue of the defendant's ability to pay alimony with the main issue, as in this case. The defendant was personally and fully examined as to his estate, and other testimony taken upon the subject, and it is not perceived how the defendant was injured by this practice. The judgment for the return to the wife of her separate money or property, and that she have her personal goods and household articles, is a matter of course in such a case. 2 Bish. Mar. & Div. § 455. In respect to the $500 allowance to the respondent for suit money, we shall not haggle, especially in a case where the appellant has been and still is delinquent in the payment of temporary provisions made for the support of his wife and child, and has fled from the jurisdiction of the court to avoid compulsory process. It would seem to be reasonable in such a case.

The most important subject of complaint, as said before, is the permanent alimony, in lieu of any specific division of property. This commutation was judicious; for the appellant seems to have but recently conveyed away, or in some way disposed of, the bulk of his estate, to avoid any such specific division. In respect to the appellant's pecuniary ability to pay within one year $5,000 to the respondent, as a final division and distribution of his estate, it is proper to say that something more than the present, visible property of the appellant, as a means of such payment, may be considered. "The husband's ability to maintain his wife does not depend alone upon his having property accumulated in any of its visible forms." His ability to *earn* money must be considered. 2 Bish. Mar. & Div.,

§ 446. In consideration of the fact that the appellant has recently been in possession of a very liberal estate, and which, or some of it, he may be able to regain, and of his high social position, and of his physical and mental ability, and of his skill, industry, and enterprise in accumulating property, and in consideration of his outrageous and dastard cruelty to the respondent, which make it necessary that she should seek the protection of another home, we think that the $5,000 so allowed as alimony is almost unreasonably small. The appellant at one time seems to have voluntarily fixed this amount to be paid to the respondent in consideration of their separation. His allowance to her would not be likely to be unreasonably or liberally high. The judgment provides that he may secure its payment within one year. He certainly has rich and influential relations and friends, who could and might be willing to help him, in such an emergency, to do this partial justice to his abused wife.

*By the Court.*— The judgment of the county court is affirmed. On the motion for suit money in this court on the appeal, we think that $50 would be a reasonable amount. The appellant will therefore pay to the counsel of the respondent said sum of $50, for such purpose, within twenty days after the entry of this order.

See note to this case in 34 N. W. Rep. 512.— REP.