COLE, Plaintiff in Error, v. COLE, Defendant in Error.

**St. Louis Court of Appeals, November 14, 1905.**

1. **DIVORCE: Alimony: Husband Injured Party.** In an action for divorce where the husband is found to be the innocent and injured party, and the decree is rendered in his favor, no award of alimony to the wife can be made.

2. ————: **Maintenance of Children.** But, under section 2926, Revised Statutes of 1899, express authority is given to award to the wife in such case a sum for the maintenance of children whose custody is awarded to her.

Error to St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Sloan Pitzer* for plaintiff in error.

The award of alimony or maintenance to an unsuccessful wife on a final decree can not be done. This is error on the face of the record proper, and is reviewable without a bill of exceptions or motion for new trial or in arrest. De Hoog v. De Hoog, 65 Mo. App. 246; McIntire v. McIntire, 80 Mo. 470; McIntire v. McIntire, 24 Mo. App. 166; Motley v. Motley, 93 Mo. App. 473, 67 S. W. 741.

*McShane & Goodwin* for defendant in error.

BLAND, P. J.—At the June term, 1905, of the St. Louis Circuit Court, plaintiff in error, in a suit brought by him for divorce against his then wife, Mamie Cole, obtained a decree divorcing him from his said wife. The wife was awarded the custody of the two minor children of the parties, Mildred and Florence Cole, until the further order of the court, and plaintiff in error was ordered to pay the defendant in error the sum of fifteen dollars per month as maintenance and the costs of the suit, and execution was awarded to enforce the judgment. Plaintiff sued out a writ of error returnable to this court. His contention is that the court erred in requiring him to pay fifteen dollars per month to defendant in error as maintenance.

1. No award of alimony or maintenance to the wife is permissible in a suit for divorce where the husband is found to be the innocent and injured party and where the decree of divorce is rendered in his favor. [McIntire v. McIntire, 80 Mo. 470; DeHoog v. DeHoog, 65 Mo. App. 246; Motley v. Motley, 93 Mo. App. 473, 67 S. W. 741.] But an amended return to the writ of error has been filed by which it appears that after the writ had been issued and a return made thereon, the trial court, on the motion of defendant in error, by a *nunc pro tunc* order corrected its judgment in respect to the alimony. As corrected it now shows that the award of fifteen dollars per month to defendant in error was for the maintenance of the minor children, whose custody and care was adjudged to her. Express authority to make this order is conferred upon the trial court by section 2926, Revised Statutes 1899. The correction of the judgment cures the error complained of, therefore, the judgment is affirmed. All concur.