## KATE CLARK v. ALBERT E. CLARK.[1]

February 24, 1911.

Nos. 16,792—(169).

**Allowance of alimony.**

In an action for divorce, a new trial of the question of alimony is granted, on the ground that on the facts presented an insufficient allowance was made by the trial court.

Action in the district court for Redwood county for absolute divorce, or if that could not be had for separation and for alimony, or if a separation be not granted, for support out of the property and earnings of defendant, and that plaintiff be awarded a reasonable amount for her support during the pendency of the action. The case was tried before Olsen, J., who made findings and granted

[1] Reported in 129 N. W. 1052.

plaintiff an absolute divorce from defendant and awarded permanent alimony of $1,200, as well as attorney's fees, and the sum of $400, as repayment of plaintiff's earnings contributed by her to household expenses. From the judgment entered pursuant to the findings so far as they related to the division of the property, plaintiff appealed. Reversed and new trial granted.

*Somerville & Hauser* and *John A. Dalzell,* for appellant.

*C. T. Howard,* for respondent.

[JAGGARD, J.][1]

The trial court granted plaintiff, forty-one years of age, a divorce from defendant, who is sixty years of age, on the ground of cruel and inhuman treatment. The parties were married in July, 1906. There is no issue. The court also found that, by reason thereof, plaintiff's health was seriously injured. Defendant owned real and personal property of the value of $10,000. Plaintiff owned property of the value of $300. Plaintiff had contributed all her separate earnings, an aggregate sum of $400. The court gave plaintiff judgment against defendant for $400, her separate earnings, $100 attorney's fees, and alimony in the sum of $1,200. This appeal questions the abuse of discretion in the trial court in awarding to plaintiff so small a proportion of defendant's property.

In determining whether abuse of discretion is shown, the court of final resort construes the findings of the trial court in the light of the record. To that end we have examined the record in this case. That record abounds in evidence of plaintiff's lack of sensitiveness, the violation by her of usual courtesies, and reveals much which was evidently in the mind of the court in awarding her so small a sum for alimony. We are also aware that the decisions have tended to sustain trial courts in their awards of damages, although those awards were very small. See Shirey v. Shirey, 87 Ark. 175, 112 S. W. 369; Stevens v. Stevens, 49 Mich. 504, 13 N. W. 835; Tumbleson v. Tumbleson, 79 Ind. 558; Ensler v. Ensler, 72 Iowa, 159, 33 N. W. 384. None the less we feel constrained to hold, on the facts disclosed, that the award was not sufficiently large. If, on a new trial, the facts remain the same,

[1]See per curiam order on page 24.

we are of opinion that an award of $1,800 would not be unreasonable. A new trial of the question of alimony must accordingly be granted.

PER CURIAM.

For the reasons given in the foregoing opinion, prepared by the late Justice JAGGARD, a new trial is granted upon the issue of alimony.

LEWIS, J.

I agree to a new trial, but do not express any opinion as to the amount the trial court should have allowed.