JOHN F. FITZPATRICK v. CORA B. FITZPATRICK.[1]

October 2, 1914.

Nos. 18,755—(241).

**Divorce — findings sustained by evidence.**

1. In an action for divorce on the ground of cruel and inhuman treatment, it is *held* that the evidence supports the findings of the trial court and, further, that the divorce was not granted on the consent of the parties.

**Alimony — judgment modified.**

2. An award of alimony *held* not out of proportion to what is reasonable and fair, in view of the facts presented, but that the judgment should be modified to secure the relief intended to be granted, namely, life support of the wife.

Action for divorce in the district court for Ramsey county. The case was tried before Stanton, J., who made findings and ordered judgment in favor of plaintiff for an absolute divorce and granted alimony to defendant as stated at the end of the opinion. From the judgment entered pursuant to the order for judgment and from the order denying her motion for a new trial, defendant appealed. Order denying new trial affirmed. Judgment affirmed as modified.

[1] Reported in 148 N. W. 1074.

*George B. Edgerton,* for appellant.
*Butler & Mitchell* and *R. G. O'Malley,* for respondent.

BROWN, C. J.

Action for divorce in which plaintiff had judgment and defendant appealed. The action was predicated, by the allegations of the complaint, upon the alleged cruel and inhuman treatment of plaintiff by defendant. Defendant by answer denied the allegations of the complaint, and interposed a cross-complaint, and alleged therein cruel treatment of her by plaintiff, and she prayed for a limited divorce with alimony. At the trial below the court dismissed defendant's cross-complaint for lack of evidence to support the same, found the allegations of plaintiff's complaint substantially true, including the allegations of cruel and inhuman treatment, and ordered judgment of absolute divorce, making no order, however, respecting the care and custody of the children. The court also gave judgment in favor of defendant in the sum of $50,000, as personal alimony and suit money, which was declared a specific lien upon certain described real property owned by plaintiff. Defendant subsequently moved for a new trial, on the ground, among others, that the finding of cruel and inhuman treatment by defendant toward plaintiff was not sustained by the evidence, and that the award of alimony was inadequate. The motion was denied, and there was an appeal from that order as well as from the judgment.

The 28 assignments of error, so far as argued in the briefs, present but two questions, namely: (1) Whether the findings of cruel and inhuman treatment on the part of defendant toward plaintiff are sustained by the evidence, and (2) whether, in view of the value of the property owned by plaintiff and the situation and circumstances of the parties as disclosed by the record, the award of alimony to defendant is inadequate?

1. The first question does not require extended discussion. After a full and careful examination of the record we have reached the conclusion, though not without some hesitation, that the findings of the trial court should be sustained. It would serve no useful purpose to spread upon the record a detailed statement of the evidence, tend-

ing as it does to disclose grievous misconduct on the part of both husband and wife, and we refrain. The evidence brings the case within the rule of Williams v. Williams, 101 Minn. 400, 112 N. W. 528, and Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L.R.A.(N.S.) 1100. The contention of defendant that the findings were prompted and the divorce granted upon the consent of the defendant, given by her counsel in open court, is not sustained. While her counsel did state to the court at the conclusion of the trial, and after the court had announced that the cross-complaint would be dismissed upon the merits, that defendant would consent to an absolute divorce in favor of plaintiff, the trial court promptly declined to act thereon, and announced that a divorce could not be granted upon that ground. From this we conclude that the learned trial judge was guided in reaching a conclusion in the action by the evidence and the evidence alone. The evidence in corroboration of plaintiff was sufficient. Clark v. Clark, 86 Minn. 249, 90 N. W. 390.

2. The parties were married in March, 1892, and thereafter continued to live together as husband and wife until a short time prior to the commencement of the action. Four children were born to them, three sons and one daughter, the latter, the last to come to the home, being of the age of about 14 years; the ages of the boys range from 15 to 21 years. At the time of the trial of the action plaintiff was 56 and defendant 50 years of age. Plaintiff is an attorney and counsellor at law, and as such he has for many years occupied a prominent and conspicuous place in the ranks of the profession of the state, enjoying a lucrative law practice. By method of economy and prudent investments he has accumulated, since the marriage with defendant, a considerable property, the value of which, according to the testimony of some of the witnesses exceeds the sum of $350,000; the court below, however, acting conservatively, found the value thereof to be the sum of $280,000. His gross annual income from his law practice and investments exceeds $11,000. The court awarded to defendant, under authority of the statutes in such case made and provided, first, a life estate in the family homestead, valued at $4,500, together with the household furniture and effects;

and, second, the sum of $50,000 as alimony, payable, two. payments of $1,000 each within the time stated in the findings, and the balance, or $48,000, in quarterly payments of $750 each, with interest on the deferred payments after they became due and payable. It was provided and ordered that the amount so awarded should be treated as including all costs and expenses of the action, and the judgment was declared a lien upon certain specified real property, subject to discharge upon substituting in its place under approval of the court suitable security for the payment of the instalments as they became due.

We are unable to concur in the contention that the trial court should have awarded to defendant a full one-third of plaintiff's property. The statutes provide (section 7128, G. S. 1913) that such award shall be made in cases of this kind as the situation of the parties, the circumstances of the case, and the ability and financial worth of the husband, the court shall deem fair and just, "not exceeding in value the one-third thereof." While the court might in a particular case grant to the wife the full one-third of the husband's property, there are reasons why that conclusion should not be reached in the case at bar. Defendant is given a life estate in the family homestead, fully furnished, and an annual allowance of $3,000. The four children of the marriage must be supported by plaintiff, and the allowance made is for the sole benefit of defendant, no part of which is she under any legal obligation to expend for their care. If the custody and education of any of the children had been by the court committed to her care, she probably might insist that the allowance was inadequate. And though the younger children, and probably all of them, will remain with the mother, at the family home, plaintiff will without doubt perform all his obligations in respect to their comfort and support. So that with the homestead and an annual income of $3,000, if continued during her life, we think defendant has no serious cause for complaint. The amount will provide fully for all her comforts. Such a result was intended by the trial court, as disclosed by its memorandum attached to the findings and order for judgment, wherein it was said: "It would * * *. be unjust and unreasonable, in view of the character and situation of

the parties, and all of the circumstances of the case * * * to fix her permanent alimony in any sum less than an.amount certain to be adequate to provide for her liberally during her lifetime."

But it may seriously be doubted whether the form of the order and judgment will accomplish that end, and secure to defendant a life time support. The award of $50,000 was granted as "personal alimony," is subject to revision by the court, and is not a fixed sum to be paid as a distributive share of plaintiff's property. Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129; Blake v. Blake, 68 Wis. 303, 32 N. W. 48. The general rule, supported by the weight of authority, in respect to an award of alimony in a definite sum of money, payable in instalments at future dates, in the absence of some statute or provision in the decree to the contrary, is that the allowance terminates at the death of either party. 1 Ruling Case Law, 933; Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236, and notes to the report of that case in 108 Am. St. 820, and 2 L.R.A. (N.S.) 232. We have no statute in this state covering this subject, and if the rule stated applies here, a question we do not stop to determine, then the period during which the alimony must be paid under this decree depends for its continuance upon the life of plaintiff and not upon the life of defendant; the reverse of what was intended by the court below. We fully concur with the trial judge, and for reasons stated by him, that defendant is entitled, under the facts of this case, to liberal support from plaintiff during the remainder of her life, and to effect this end, conclude that the judgment appealed from should be so modified that the matter will be put beyond future controversy. To this end the judgment will be so modified as to direct the payment by plaintiff to defendant during the remainder of her life the sum of $3,000 annually, payable in quarterly instalments of $750 each, commencing on the first day of January, 1915, with interest on each instalment after maturity at the rate of six per cent per annum; that the judgment be declared a lien upon the real property described therein, as now provided subject to discharge as therein stated, and that the judgment and the right of defendant to have and receive the payments shall con-

tinue after the death of plaintiff, should defendant survive him, and be a charge upon and against his estate. The clause of the judgment limiting the amount to $50,000, should be omitted. The payments are limited to the life of defendant and may amount to more or less than that sum, depending on the length of time that she may live. We conclude further, and this will cover all prior allowances of suit money, including the costs of the action and attorney's fees, that the judgment be further modified by eliminating therefrom the two payments of $1,000 each, and substituting in the place thereof a direction and order that plaintiff pay to defendant, in addition to the quarterly payments commencing January 1, 1915, within 30 days from the date of the modified decree, the sum of $3,000, without deduction on account of payments heretofore made under the order of the court below, the same to be in full of all costs and disbursements of the action and the items heretofore ordered paid by this court. With these modifications the judgment appealed from will be affirmed, and the cause remanded with direction to the court below to proceed accordingly.

The order denying a new trial is affirmed.

Bunn, J., took no part.

On October 8, 1914, the following opinion was filed:

Per Curiam.

It appearing that subsequent to the filing of the opinion herein defendant has been paid the sum of $200, on account of alimony awarded by the court below, and it further appearing that in fairness this amount should be deducted from the $3,000 ordered paid by the decision of this court, it is ordered that the opinion be modified by reducing the payment ordered made within thirty days to the sum of $2,800.