Argued February 6, modified March 13, rehearing denied April 3, 1923.

## JOLLIFFE *v.* JOLLIFFE.

(213 Pac. 415.)

**Appeal and Error—Order for Alimony Held Appealable.**

1. An order for alimony is, under Section 514, Or. L., appealable.

**Appeal and Error—Order Pendente Lite for Maintenance and Attorneys' Fees not Appealable.**

2. Orders *pendente lite* for maintenance and attorneys' fees, in an action for divorce, are interlocutory, and not appealable.

**Divorce—Allowance of Alimony Governed by Circumstances of Particular Case.**

3. In making an order for alimony each case must depend upon its own circumstances as they existed at the outset, and as subsequently changed, and the court may take into consideration the husband's earning capacity or his capacity to earn money, especially if he has no estate or other means.

**Divorce—Equity Cases Tried De Novo on Appeal.**

4. An appeal from an order refusing to modify an allowance of alimony being in equity, the appellate court must try the issues anew on the testimony adduced in the Circuit Court.

**Affidavits—Affidavits upon Which Case Tried Species of Evidence.**

5. Under Section 825, Or. L., affidavits upon which a cause is tried are species of evidence.

---

3. Earning capacity or prospective earnings of husband as basis of alimony, see notes in 6 A. L. R. 192; 4 L. R. A. (N. S.) 909; 44 L. R. A. (N. S.) 998.

107 Or.—3

Divorce—Evidence Held Sufficient to Warrant Reduction in Allowance of Alimony.

6.   Evidence that the husband against whom an order of alimony was entered at $50 per month earned wages as a locomotive engineer of $159.12, which were his sole income, and out of which he was compelled to expend $133.47, *held* sufficient to warrant a reduction in the amount of the alimony to $25 per month.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

MODIFIED.    REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Henry S. Westbrook.*

For respondent there was a brief and oral argument by *Mr. John C. McCue.*

BURNETT, J.—In what was apparently a divorce suit in which the plaintiff filed the bill and the defendant a cross-bill demanding affirmative relief, although there is nothing in the abstract indicating that a decree of divorce was rendered, it seems that on November 18, 1920, the court made an order *pendente lite* that the plaintiff pay into court $100 for the maintenance of the defendant during the progress of the suit and $150 additional to cover her attorney's fees.   On November 26, 1920, according to an excerpt quoted in the abstract, the court made a decree that the plaintiff pay $50 per month to the defendant and cross-complainant as alimony.   On the 13th of the following month, an order was made, applying all future payments to the satisfaction of the $100 maintenance and $150 attorney's fees until the same should be completely satisfied, after which it was to be applied in discharge of the alimony.   On June 8, 1921, an order was made reciting that hitherto the plaintiff had paid $50 per month and no more and re-

quired of him a future payment of $70 per month, applying $20 thereof to the satisfaction of the arrears of $100 maintenance and $150 attorney's fees and the remaining $50 to the alimony already mentioned.

On July 1, 1921, the plaintiff filed in the Circuit Court his motion for an order to vacate entirely the allowance of $100 for maintenance, to reduce the attorney's fees to $75 and to change the alimony to $20 per month. The motion was supported by his own affidavit and that of two other parties, by which he essayed to show that his income, derived solely from his wages, was not sufficient to meet all the payments required. On July 13, 1921, the court made an order overruling the motion in its entirety. From this order alone the plaintiff brings this appeal.

Section 514, Or. L., reads thus:

"At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside, alter, or modify so much of the decree as may provide for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the suit."

The contention for the defendant is that inasmuch as the court has power from time to time, under this section, to change the amount of allowance for alimony, its orders in that respect are not final and hence not appealable.

In *Rowe* v. *Rowe,* 76 Or. 491 (149 Pac. 533), and in *Levine* v. *Levine,* 95 Or. 94 (187 Pac. 609), it has been held in this court that installments allowed in divorce cases in sister states for alimony, where the statute is like ours, giving the power to the court subsequently to change the amount, the decree is not final to the extent that it is entitled to full faith and credit in other states, under Article IV, Section 1 of

the federal Constitution. In the instant case, however, we are not concerned about the comity of courts and the full credit to be given to the decrees of the court of a sister state.

1. In *Brandt* v. *Brandt,* 40 Or. 477 (67 Pac. 508), the allowance for alimony was treated as final so far as the same relates to the then conditions of the parties, subject to revision as later developments might affect their relations. It is a fair application of the statute to say that the decision here involved is "a final order affecting a substantial right and made in a proceeding after judgment or decree" as set out in Section 548, Or. L., defining a judgment or decree for the purpose of appeals. That such an order is appealable is taught in the case of *In re Spencer,* 83 Cal. 460 (23 Pac. 395, 17 Am. St. Rep. 266). We might also apply here the settled practice respecting the construction of the statute on appeals in such cases. It is common knowledge that appeals are constantly taken from the orders or decrees of court, modifying amounts allowed for alimony. For instance, in *Mack* v. *Mack,* 91 Or. 514 (179 Pac. 557), although the question of whether the order was appealable or not which fixed the amount to be paid toward the support of children was not raised, the appeal was entertained and the allowance was modified. We conclude therefore, that the order denying modification of the allowance of alimony is an appealable order.

2. We must, however, exclude from our consideration on this appeal all attack upon the allowance, *pendente lite,* of $100 for the maintenance of the defendant and cross-complainant and $150 for her attorney's fees. These were interlocutory orders and under the authority of *Clay* v. *Clay,* 56 Or. 538 (108 Pac. 119, 109 Pac. 129), they are not the

subject of appeal. Of course, if there had been an appeal from the general decree of divorce, the court in that proceeding might have reviewed the interlocutory orders; but not so in this case where there is no appeal from the original decree. Those items were not, in the first instance, the subject of a decree. Moreover, we are restricted under the terms of Section 514, Or. L., to the modification of that part of the decree relating to alimony as distinguished from interlocutory orders respecting maintenance of either party to the suit.

3. So far as the allowance for alimony is concerned, each case must depend upon its own circumstances as they existed at the outset and as subsequently changed. As stated in 19 C. J. 255, "the better rule is that the court may take into consideration, the husband's earnings or his capacity to earn money, especially if he has no estate or other means."

4. This, being an equity appeal, we are bound to try the issue presented anew on the testimony adduced in the Circuit Court.

5. In this instance, the matter at issue was tried, so far as evidence is concerned, exclusively upon the affidavits filed by the plaintiff. This is a species of testimony: Section 825, Or. L. The affidavit of the plaintiff is the only one showing his earning capacity. It is to the effect that he is 52 years of age while the defendant is 38 years old; that he is a locomotive engineer, running a switch engine; that, at the time the original decree of divorce was granted, his salary was $200 per month if he worked every day in the month. He declares however, that he is not now able to work more than 26 days in a month and that his wages have been reduced 15 per cent since rendition of the decree, so that at present he earns only $159.12 per month. These wages constitute his sole

income. He then sets up a schedule of monthly expenses which he is compelled to meet, in the amount of $133.65, leaving him only $25.47 for incidental expenses.

He states in his affidavit that the defendant has a fixed salary of $50 per month as a stenographer and earns probably $75 per month in addition to this; that she resides with her son, who earns from $50 to $80 per month when at work. His statements are not challenged or disputed in any way and constitute the only testimony, in which case they must be given fair consideration.

6. Under all these circumstances, it seems fair to say that the monthly alimony should be reduced from $50 per month, as originally allowed while he was earning more wages, to the sum of $25 per month. It goes without saying that under Section 514, Or. L., the Circuit Court or judge thereof has authority to make future alterations in the allowance or refusal of alimony as the then conditions of the parties may be different.

In respect to the questions here involved, the following citations are applicable: *Johnson* v. *Johnson,* 195 Ala. 641 (71 South. 415); *Eidenmuller* v. *Eidenmuller,* 37 Cal. 364; *Ayers* v. *Ayers,* 99 Ga. 325 (25 S. E. 674); *Elzas* v. *Elzas,* 171 Ill. 632 (49 N. E. 717); *Ensler* v. *Ensler,* 72 Iowa, 159 (33 N. W. 384); *Griffin* v. *Griffin,* 154 Ky. 755 (159 S. W. 597); *Graves* v. *Graves,* 108 Mass. 314; *Fitzpatrick* v. *Fitzpatrick,* 127 Minn. 96 (148 N. W. 1074); *Pauly* v. *Pauly,* 69 Wis. 419 (34 N. W. 512); *Holmes* v. *Holmes,* 29 N. J. Eq. 9.

The decree of the Circuit Court will be modified accordingly.          MODIFIED. REHEARING DENIED.

McBRIDE, C. J., and HARRIS and RAND, JJ., concur.