MARSHALL B. WEBBER v. BELLE EMMA WEBBER.[1]

December 21, 1923.

No. 23,769.

**Statutory authority to award permanent alimony.**

1. Section 7128, G. S. 1913, grants discretionary power to give permanent alimony and the amount thereof.

[1]Reported in 196 N. W. 646.

**Award to wife when her conduct justifies divorce.**
2. Under this statute our courts are authorized to award permanent alimony to the wife, even though her conduct has been such as to justify granting a divorce to the husband.

**Alimony not a penalty.**
3. Permanent alimony cannot be determined by any fixed standards. Alimony is not allowed as a penalty but as a substitute for marital support.

**No abuse of court's discretion.**
4. It cannot be held that the trial court abused its discretion where each of the parties owned property valued at $30,000 and the husband is a professional man earning $10,000 per year, and the divorce is granted to the husband, and he is required to pay the wife $2,500.

**Decision of court should not be influenced by its effect on third parties.**
5. The court is not justified in making a decision in a civil action against a party to the action as a deterrent to others who may seek the aid of the court in protection of their statutory rights.

**Definition.**
6. Abuse of discretion defined.

Action for divorce in the district court for Winona county. The case was tried before Dean, J., sitting in place of Callaghan, J., who denied the prayer of defendant's cross bill, ordered judgment in favor of plaintiff and that he pay to defendant the sum of $2,500 within four months from the date of the judgment. From that part of the judgment requiring him to pay $2,500 to defendant, plaintiff appealed. Affirmed.

*Tawney, Smith & Tawney* and *E. D. Libera,* for appellant.
*Lamberton, Lamberton & Murphy,* for respondent.

WILSON, C. J.
This is an action which was brought by appellant for a divorce on the ground of cruel treatment. The respondent denied the charges against her and set forth a cross bill in which she sought a divorce from appellant on like grounds. The trial court found

the respondent guilty of such conduct toward her husband as, in the divorce law, to constitute cruel treatment. The prayer of the cross bill was denied, and the prayer of the complaint for a divorce was granted.

The trial court found that the property possessed by appellant was of the value of about $30,000 and that possessed by the respondent was of equal value, and that no part of the property possessed by the appellant was accumulated during the time the appellant and respondent lived together as husband and wife.

This appeal is from that part of the judgment awarding to respondent $2,500 in full of all claims respondent may have on appellant or his property.

The assignments of error challenge the propriety and legality of such an award, and also the amount thereof.

Section 7128, G. S. 1913 provides:

"Upon a divorce for any cause except that of adultery committed by the wife, if the estate and property restored or awarded to her is insufficient for the suitable support of herself and such children of the marriage as shall be committed to her care and custody, or if there is no such estate and property, the court may further order and decree to her such part of the personal and real estate of the husband, not exceeding in value one-third thereof, as it deems just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case. The court may also, in the cases provided for in this section, decree to the wife such alimony out of the estate, earnings, and income of the husband as it may deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and other circumstances of the case."

This statute is a clear grant of discretionary power or authority and it has been so treated and construed. Clark v. Clark, 114 Minn. 22, 129 N. W. 1052; Spratt v. Spratt, 140 Minn. 510, 166 N. W. 769, 167 N. W. 735; Williams v. Williams, 101 Minn. 400, 112 N. W. 528; Fitzpatrick v. Fitzpatrick, 127 Minn. 96, 148 N. W. 1074; O'Neil v. O'Neil, 148 Minn. 381, 182 N. W. 438; Haskell v. Haskell, 119 Minn. 484, 138 N. W. 787; Id. 116 Minn. 10, 132 N. W. 1129.

Awarding alimony and fixing the amount thereof are both questions, the determination of which rests within the sound discretion of the trial court. Clark v. Clark, supra, Fitzpatrick v. Fitzpatrick, supra.

Pursuant to the authority granted by the above statute, our courts are authorized to award permanent alimony to the wife, even though her conduct has been such as to justify granting a divorce to the husband. Spratt v. Spratt, supra; Fitzpatrick v. Fitzpatrick, supra; O'Neil v. O'Neil, supra.

Necessarily such a statute must place the matter of making such an award, and fixing the amount thereof, in the discretion of the trial court, and can be controlled by no fixed standards. 19 C. J. § 612b, page 264; 1 R. C. L. 929, § 77; Blair v. Blair, 40 Utah, 306, 121 Pac. 19, 38 L. R. A. (N. S.) 271; Read v. Read, 28 Utah, 297, 78 Pac. 675; Ginter v. Ginter, 56 Ind. App. 98, 104 N. E. 989; Bialy v. Bialy, 167 Mich. 559, 133 N. W. 496, 499, Am. Cas. 1913a, 800.

Appellant's counsel, in arguing this case, made the claim that this award of the trial court of $2,500 was a penalty on appellant who, he claims, has been exonerated by the trial court of misconduct on his part. It is sufficient to say alimony is not a penalty, but is a substitute for marital support. Haskell v. Haskell, supra.

It is the claim of the appellant that, where the court finds that the wife is not entitled to relief under her cross bill, but where she has given grounds for a divorce which is granted to the husband, and where the wife has brought the husband no property and has not by her industry and thrift aided him in the accumulation of what he possesses and where she owns as much property as he owns, she is not entitled, as a matter of law, to any allowance of alimony. It is claimed that under such circumstances, she stands upon her own feet, looking the world in the face, the same as the husband. The decisions in some states tend to support this claim, and some of the states hold that alimony cannot be awarded to a defendant when the divorce is granted to the plaintiff as the innocent party. Elliott v. Elliott, 135 Mo. App. 42, 115 S. W. 486;

Fivecoat v. Fivecoat, 32 Iowa, 198; Cole v. Cole, 115 Mo. App. 466, 91 S. W. 457; Shafer v. Shafer, 10 Neb. 468, 6 N. W. 768.

Such decisions, however, are not in harmony with our statute nor the decisions of this court. The reason of these decisions largely ignores the sacred element of domestic relations and tends too much like treating the matter as a simple breach of contract involving nothing but monetary rights. Love is the reign of woman, and as a general rule a woman is to her husband what her husband has made her. There are doubtless exceptions and this case may be one of them, although the trial court is silent as to plaintiff's conduct toward defendant other than to say that she is not entitled to a divorce under her cross bill. However, the general policy of our state in its legislative enactments and its judicial utterances has been more favorable to women and their welfare. The rule of law, as it is in this state, is the most beneficial toward diminishing domestic misery and arresting household vice. Certainly less misfortune and hardship will result from this theory than to adopt the harsh rule which appellant's advocate urges. We see no reason for departing from a somewhat chivalrous and well established policy.

Argument has been advanced that we should not sustain this award and that a reversal of the same would operate as a salutary restraint to prevent women from seeking divorces, and large sums of money incident thereto. This argument deserves little consideration. The courts should not deprive a party litigant of his legal rights in a civil action in order to deter others from seeking that relief which, under the law of the state, they may be entitled to. A litigant has the same right to invoke the aid of the court in the matter of domestic relations as he has to invoke it in matters involving his property rights; and the duty and prerogative of the court is to apply the law as it is. If restrictions or limitations are to be put upon statutory rights, that is to be done by the legislature and not by the courts.

In this case each party owns property valued at $30,000. Appellant is a professional man with an annual income of about $10,000. No award was made for suit money, temporary alimony

or attorneys' fees, and doubtless the trial court recognized that a substantial part of the award would be consumed in meeting such expense, as the trial lasted several days. The trial court could consider the appellant's earnings. 19 C. J. 255; Warren v. Warren, 114 Minn. 389, 131 N. W. 379; 116 Minn. 458, 133 N. W. 1009.

The trial court was probably advised as to the nature of the property each owned and the income therefrom. Eliminating attorneys' fees and suit money, which appellant should pay, the alimony is not large and a slight difference of opinion as to the propriety of the allotment in point of amount will not justify interference.

The trial court had means of estimating the true nature and degree of delinquency of the parties, the necessities of the respondent, with respect to which we are comparatively uninformed. We cannot interfere with this award, unless there has been an abuse of discretion which means a discretion exercised to an end or purpose not justified by and clearly against reason and evidence; a clearly erroneous conclusion and judgment—one that is clearly against the logic and effect of such facts as are presented in support of the application, or against the reasonable and probable deductions to be drawn from the facts disclosed. 1 C. J. 372.

The evidence in this case is not before us and in order to properly review a discretionary act of the trial court we would be aided by having the complete record. It cannot be said that the trial court abused its discretion.

Judgment affirmed.