WALLACE A. GILBERTSON v. ELAINE L. GILBERTSON.

220 N. W. 2d 512.

July 19, 1974—No. 44676.

*Schneider & Neeser* and *Michael M. Fluegel,* for appellant.

*Hulstrand, Anderson & Larson* and *Ronald C. Anderson,* for respondent.

PER CURIAM.

This is a divorce proceeding in which the husband appeals from a decree awarding alimony to his wife and dividing their property and from an order denying his motion for a new trial. We affirm.

The parties had been married 28 years. At the time of the trial, the husband was 49 years of age and the wife 51. Two children of the marriage are now emancipated. The husband is a longtime railroad employee earning a gross salary of $1,050 per month and take-home pay of $720 per month. The wife from time to time has worked as a nurse's

aid in a local hospital. The principal asset accumulated by the parties is a homestead valued between $20,000 and $27,000, subject to an encumbrance of $4,000.

The case was contested but the wife served no cross-claim. The trial court awarded the divorce on the grounds both parties acted in a manner detrimental to the marriage. The wife was awarded the homestead, household goods, and $350 per month alimony. In a memorandum which accompanied its findings, the court held that the husband's illicit conduct with another woman justified the court's disposition of the parties' property. The husband contends on this appeal that the award was so excessive as to constitute an abuse of discretion; that it was an improper penalty for illicit conduct; and that the findings contain material inaccuracies. We agree that the award to the wife is liberal. It causes us some concern because of the emphasis the court placed on the husband's misconduct.

It is appropriate to repeat the admonition we set forth in Johnston v. Johnston, 280 Minn. 81, 86, 158 N. W. 2d 249, 254 (1968):

"* * * While the court may consider the comparative fault of the parties as an element in fixing the amount of alimony and division of property (Webber v. Webber, 157 Minn. 422, 196 N. W. 646), we caution that such awards are made not as a penalty but as a substitute for the husband's duty to support his wife and should be resolved primarily upon evidence of her needs and his ability to pay."

However, the husband, by reason of his seniority as a railroad employee, has the security of continued income. The divorce deprived the wife of any participation in a pension plan from which she might otherwise benefit. Although the husband had done a substantial amount of work in maintaining and improving the various homes of the parties, he had invested only $6,000 in their original home. One-third of the value of that real estate the wife had inherited from her mother. That house was sold and the proceeds were used to buy another house which was in turn sold and the proceeds used to buy their present home. The wife must pay the remaining balance of approximately $4,000 on a contract for deed at the rate of $107 a month and must also obtain and pay for her own medical insurance. She has no assets of value other than the homestead. Under all these circumstances we are of the opinion that the property division may stand.

As to the alimony of $350 a month, in the light of the wife's limited earning capacity, her age, the duration of the marriage, and the standard of living to which she was accustomed, we cannot say it was an abuse of discretion to award her half of her husband's take-home pay.

Inaccuracies and omissions in the findings of which plaintiff complains concern matters which we find not to be sufficiently serious to prejudice his rights.

Respondent is allowed attorneys' fees in the sum of $350.

Affirmed.