Argued March 12, affirmed March 30, 1915.

## GIBBONS v. GIBBONS.*

(147 Pac. 530.)

**Divorce—Custody and Support of Children.**

1. Minor children of divorced parties remain the wards of the court which decreed the divorce, and, as they are not parties to the suit, are not bound by any decree as to the source or extent of their maintenance. Their welfare is paramount to the rights of any other person, and their support and education must be borne equally by their parents, if they are able, but, if not, then by the one financially able.

[As to liability of father for support of children after divorce decree awarding custody to another but not providing for maintenance, see notes in Ann. Cas. 1913C, 296; 114 Am. St. Rep. 700. As to liability of father to support children awarded to mother, see note in 47 Am. St. Rep. 314.]

**Divorce—Custody and Maintenance of Children—Stipulation of Parties.**

2. A stipulation of counsel for defendant in a divorce suit to enter a general appearance for him in consideration that all demands for alimony and suit money may be withdrawn, but not making any provision for the care of minor children, could not be effective to deprive the children, as wards of the court, of their maintenance, if the wife, to whom their custody was given, thereafter became unable to maintain them.

[As to power of court to modify decree as to provision for support of children, see note in 114 Am. St. Rep. 703. As to power of court in divorce action to provide for custody or support of children in absence of prayer for such relief, see note in Ann. Cas. 1914B, 753.]

---

*The question of the recovery by the mother against the father for money expended in support of children after divorce is discussed in a note in 38 L. R. A. (N. S.) 509. And upon the liability of the father for support of children as affected by decree awarding custody to mother, see note in 2 L. R. A. (N. S.) 851.          REPORTER.

**Divorce—Custody and Maintenance—Modification of Decree.**

3. Section 514, L. O. L., authorizes the court granting a divorce decree to modify it at any time, to provide for the custody and support of minor children. The affidavits of the divorced wife, who had been awarded the custody of minor children, without any provision for their maintenance, admitted receiving from defendant $3,600 and from her mother $10,000, giving her sufficient means to provide for their past maintenance, and no findings of fact were made, and it was impossible to tell on what ground her motion to compel defendant to pay for past support and future maintenance and education was denied. *Held* that, as petitioner was not entitled to any remuneration for past support, that being no more than her duty, and in view of the right to renew application to modify decree, the application was properly denied.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2.   Statement by MR. CHIEF JUSTICE MOORE.

This is a motion, filed in the lower court April 20, 1914, by Ella E. Gibbons, to modify a decree of divorce so as to require the father, John S. Gibbons, to pay for the past support and the future maintenance and education of their minor children.   The application is supplemented by the mother's affidavit to the effect that, when she commenced a suit for divorce, the defendant was in another state, and the summons was served by publication; that his attorneys, appearing specially for that purpose only, moved to set aside the service, but by stipulation they entered a general appearance pursuant to an agreement that all demands for alimony and attorney fees should be withdrawn, whereupon a decree was given her June 16, 1911, dissolving the bonds of matrimony then existing between the parties, allowing her $25.50 as costs, and awarding her the custody of their minor children whose names are, and their respective ages then were, as follows: Roy, 16; Ray, 13; Nellie, 10; Gladys, 8; and Byron E., 4 years; that since June 16, 1911, the plaintiff has expended more than $1,000 in supporting and educating these children; that

neither of them has any property, nor has she any, except five lots in Albina Heights, Portland, Oregon, which premises are encumbered with mortgages totaling $4,150, and by liens for bonded indebtedness in a. sum exceeding $700; that the annual income derived from the land is about $600, and, after paying therefrom the interest on the indebtedness, insurance, etc., nothing remains with which properly to care for or educate the minor children; that affiant believes the defendant has at least $10,000 in money and securities; and that since the divorce was granted she married H. W. Hall, and resides with these children at Woodburn, Oregon, but he is without means properly to provide for them.

Pursuant to an order of court the defendant appeared and filed a counter-affidavit, stating, in substance, that at the time the divorce suit was instituted he gave the plaintiff $3,600 in money; that she received at the same time from her mother $10,000, and also possessed other property of the approximate value of $1,400; that he is, and for more than a year has been, in failing health and unable to do any work so as to earn money; that he has no more than about $6,000, and needs the income thereof for his support and medical attendance; that their son Roy is now 19 years old, and for about 2 years has been capable of doing a man's work, which he has been performing, and that he is self-sustaining and able to accumulate money; that Ray, who is 16 years old, is attending a business college, and affiant is defraying all his expenses; that, if the original decree can be so modified as to award him the custody of the minor children, he is willing to furnish the necessary support, preferring the care of the youngest son, Byron E.; and that since the divorce the plaintiff

married Mr. Hall, who at that time was engaged in business as a saloon-keeper at Woodburn, Oregon.

The plaintiff's reply affidavit states that since June 16, 1911, the defendant has contributed less than $100 toward the education and maintenance of their son Ray, and that she desires no change should be made with respect to the custody of any of the children. The plaintiff's last sworn statement, as to the sum paid out for the education of Ray Gibbons, is corroborated by the latter's affidavit. The court, considering the matters thus set forth, denied the motion, and the plaintiff appeals.                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Sargent & Swope,* with an oral argument by *Mr. H. K. Sargent.*

For respondent there was a brief over the names of *Messrs. Brownell & Stone,* with an oral argument by *Mr. William Stone.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. Minor children of divorced parties remain the wards of the court which dissolved the bonds of matrimony, and, as such children were not parties to the suit, they are not bound by any decree as to the source or extent of their maintenance: *McFarlane* v. *McFarlane,* 43 Or. 477, 484 (75 Pac. 139). The welfare of these infants is paramount to the rights of any other person, and their support and education should be borne equally by their parents if they are able, but, if not, then by the father or mother who is financially responsible. The court granting the decree of divorce is authorized to modify it at any time so as to provide for the care, custody and support of the minors, and may

impose such burden upon either or both parties to the suit: Section 514, L. O. L.

When the plaintiff wedded Mr. Hall is not disclosed. It must be assumed, however, that he then engaged to support, maintain and educate these minor children who were charges upon their mother.

2. The stipulation of defendant's counsel to enter a general appearance for their client in the divorce suit, in consideration of the elimination by the plaintiff of her claim for alimony and suit money, does not seem to have made any provision for the care of the children. Nor could any binding agreement to that effect have been consummated, so as to deprive the wards of the court of their right to maintenance, if the party to whom their custody was given were thereafter to become unable longer to supply their necessities.

3. Evidently the plaintiff believed this burden rested upon her pursuant to the stipulation, for from the time it was entered into, June 16, 1911, until April 20, 1914, when this motion was filed, she assumed and discharged that duty. In her reply affidavit the plaintiff admits she received from the defendant $3,600 and from her mother $10,000, but asserts that most of this money has been laid out in purchasing in Portland a home, which is encumbered as stated in the original affidavit, and that the remainder has been expended in caring for her family. In paying for the past maintenance and education of the minors the plaintiff hitherto evidently had sufficient means with which to discharge these obligations, and, having done nothing more than her duty, she is not entitled to any remuneration therefor.

If the plaintiff and Mr. Hall are unable longer to care for, support and educate these children, as might appear from her affidavit, and the defendant possesses

sufficient means for that purpose, he should be obliged to aid in maintaining them.   As a condition for assuming such accountability, it is but reasonable that he should desire the custody of some of the children, and particularly the youngest, Byron E., now 8 years old, in order that he may take him away from the baleful influences of his stepfather's saloon before its evil effects have seriously begun to mold his character.

The only evidence that accompanies the transcript consists of the affidavits mentioned.   No findings of fact were made, and it is impossible to state with any degree of certainty the basis of the conclusion reached. It is but reasonable, however, to suppose that the explanation here given was the theory adopted by the court.   As an application for a modification of the original decree, which is sought herein, may be renewed at any time by showing the fitness of the plaintiff to retain the custody of the minor children and of the defendant to secure their guardianship, when such question arises it can then be determined.   It is not deemed essential now to send the cause back to determine the issue of present support.

Therefore the order herein complained of should be affirmed, and it is so decided.                AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.