Argued and submitted on briefs at Pendleton May 8, affirmed May
· 28, 1918.

## BEDINGFIELD *v.* BEDINGFIELD.

### (173 Pac. 255.)

**Divorce—Custody of Child of Tender Years.**

1.   Order in divorce decree giving the wife custody of minor child,
with permission of defendant husband to have the custody for a
period of two weeks in every three months, was properly modified at
a subsequent hearing after both parents had remarried, so as to give
plaintiff exclusive custody until the child, then four years old, attained
the age of ten, when she should have the right to choose whether to
reside with the father or mother; there being nothing casting any
shadow upon the character of the mother.

[As to the custody of infants where their parents are sepa-
rated, see note in 34 Am. Rep. 698.]

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.

Plaintiff obtained a decree of divorce from defend-
ant, wherein it was ordered that she should have the
custody of the minor child, Margaret, until the further
order of the court, with permission to defendant to
visit the child at reasonable times and have the custody
of her for a period of two weeks in every three months.
Later both parents remarried, plaintiff and her second
husband living in Baker County while defendant and
his second wife remained in Wallowa County. De-
fendant then moved the court for an order awarding
the further custody of the child to him. A hearing
was had, upon which the court made the following
order:

"ORDERED, ADJUDGED AND DECREED that the Decree
heretofore rendered, to wit, on the 29th day of July,
1915, wherein the plaintiff was given the custody of
said Margaret Bedingfield subject to the right of the
defendant to the custody of said child for a period

not to exceed two weeks in each three months, be and the same is hereby modified to read as follows:

"That the plaintiff have the full and exclusive custody of said child; that she shall be chargeable with the support and maintenance of said child; that she have the right to take the child to her home in Baker County, Oregon, and that the defendant have the right to visit said child at the home of the plaintiff at all reasonable times and that when said child has reached the age of ten years it shall have the right to choose whether it shall reside with the father or the mother.

"Dated at Enterprise, Oregon, this 13th day of Aug., 1917."

From this order defendant appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. James A. Burleigh.*

For respondent there was a brief submitted, without argument, by *Mr. A. Fairchild.*

BENSON, J.—1. We have examined the record carefully, and find that the minor child is a girl who at the time of the hearing was only four years old. There is nothing in the record casting any shadow upon the character of the mother, and considering the tender years of the child we think the order made in the trial court was in all respects proper and it is therefore affirmed.                    AFFIRMED.