Argued July 12, modified July 30, rehearing denied September 10, 1918.

## McLENNAN v. McLENNAN.

(174 Pac. 161.)

**Divorce—Custody and Maintenance—Modification of Decree.**
1. The Supreme Court has jurisdiction, on appeal from denial of a motion to modify the decree as to custody and maintenance of children, to modify the decree.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2.

On February 9, 1914, plaintiff obtained a decree of divorce from the defendant, wherein she was awarded the custody of two infant sons, and certain money and property as alimony, but the decree is silent as to any award for the nurture and education of the children. The custody of the third child, a daughter, now about twelve years of age, was awarded to the defendant. Thereafter plaintiff filed a motion in the trial court for a modification of the decree, whereby she should have the custody of the daughter, and an allowance for the support of the children. A hearing was had and the motion having been denied, plaintiff appeals.

MODIFIED.

For appellant there was a brief and an oral argument by *Mr. Henry S. Westbrook.*

For respondent there was a brief submitted by *Messrs. Huntington & Wilson.*

BENSON, J.—1. The record in this case is neither pleasant nor wholesome literature. An extended discussion of its details here would be to perpetuate in print a history which would discredit both parties and cloud the unfortunate issue of an unhappy union. It is enough to say that we have examined the evidence with painstaking care, and are thoroughly convinced that the mother is a fit and proper person to have the custody of her daughter, and that she will thereby receive better care and culture than she would otherwise obtain. We are also of the opinion that the trial court should have made provision for the support and maintenance of the children. Taking into consideration the abundant financial ability of the father, we consider a cash payment of $6,000 a modest requirement for that purpose.

The defendant urges that this court is without jurisdiction to so modify the decree, but that question has been definitely determined by this court against defendant's contention, in *McFarlane* v. *McFarlane,* 43 Or. 477 (73 Pac. 203, 75 Pac. 139), and *Gibbons* v. *Gibbons,* 75 Or. 500 (147 Pac. 530).

A decree will be entered modifying the original decree as indicated herein, and directing the Circuit Court to appoint a suitable trustee for the proper expenditure of the money herein allowed for the nurture and education of the children.

MODIFIED.   REHEARING DENIED.

McBRIDE, C. J., BEAN and JOHNS, JJ., concur.