Argued March 11, modified March 25, 1919.

## MACK v. MACK.

(179 Pac. 557.)

**Divorce—Custody of Children—Modification of Decree.**

1. Under Section 514, L. O. L., court could, at any time subsequent to decree of divorce in favor of plaintiff wife, on proper notice to defendant, modify decree so as to require defendant to contribute to support of minor children, custody and care of whom had been awarded to plaintiff, the duty to care for and educate children not being affected by divorce.

**Pleading—Admissions by Failure to Deny.**

2. Defendant who was regularly served, by failing to answer in divorce, *held* to admit allegations of complaint, and could not at a subsequent term deny truth of allegations as to legitimacy of children.

**Divorce—Provision for Support of Minor Children—Duration.**

3. Provision for nurture and education of a minor child should cease to be effective when the child reaches the age of majority, the child then being no longer a ward of the court.

From Multnomah: Robert Tucker, Judge.

Department 2.

The facts involved upon this appeal are as follows: On the fifth day of July, 1911, the plaintiff filed a suit in the Circuit Court for Multnomah County, Oregon, against this defendant for a divorce, alleging that she had been married to defendant in the year 1900, and that her daughter Roberta, was then ten years of age. Personal service was had upon defendant in the same county. A default was entered against defendant and the plaintiff was granted a divorce, and awarded the care and custody of Roberta Mack and Emmett Mack, minor children of plaintiff and defendant, the issue of such marriage, in conformity with the allegations and prayer of the complaint. In 1918, the plaintiff filed a motion in the case, supported by an affidavit, praying that the decree be modified, so as to

provide for an award against the defendant for the care, nurture and education of the minors. An order to show cause having issued, the defendant duly appeared in the proceedings, contested the motion and the cause was heard. Thereupon, the court made findings of fact and conclusions of law favorable to the plaintiff, to the effect that the plaintiff was entitled to an award of $40 a month for the care, nurture and education of the minors, or either of them, and the further sum of $150 with which to defray the expense, which was unpaid, of a surgical operation which had been performed upon the minor Roberta: that the defendant was an able-bodied man, and was earning $130 or more per month, and was well able to pay said sum, and that the same was a reasonable payment to be required of him for the purpose.

On September 25, 1918, a modified decree was entered giving the plaintiff judgment for the sum of $230, being payments of $40 per month for the months of August and September, and the further sum of $150 with which to defray the expense of a surgical operation upon the minor, Roberta, and an award of $40 per month, beginning with the month of October, to continue while the minors or either of them are under legal age.

The defendant appeals from this modified decree.

MODIFIED.

For appellant there was a brief and an oral argument by *Mr. Paul G. Dormitzer.*

For respondent there was a brief over the name of *Messrs. Angell & Fisher,* with an oral argument by *Mr. Homer D. Angell.*

BEAN, J.—1. It is claimed by defendant that the court had no jurisdiction to change the decree. Section 514, L. O. L., reads as follows:

"At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside, alter, or modify so much of the decree as may provide for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the suit."

Under the authority of the section of the Code quoted, courts may at any time subsequently to a decree of divorce, on proper notice to the other party, require the party in fault to contribute to the future support and education of the minor children, the issue of the marriage which has been dissolved. The duty of parents to care for and educate their children is not affected by a divorce. After the dissolution of the bonds of matrimony such children are wards of the court.

2. The other questions involved in the divorce suit not authorized by the statute to be changed are set at rest by the decree after the term at which the same was rendered, unless jurisdiction to make a supplemental decree in relation thereto is reserved in such decree: *McFarlane* v. *McFarlane,* 43 Or. 477, 484 (73 Pac. 203, 75 Pac. 139); *Silliman* v. *Silliman,* 66 Or. 402, 404 (133 Pac. 769); *Miller* v. *Miller,* 67 Or. 359, 367 (136 Pac. 15); *Gibbons* v. *Gibbons,* 75 Or. 500 (147 Pac. 530); *State* v. *Langford,* 91 Or. 251 (176 Pac. 197); 2 Bishop on Marriage and Divorce, § 1212. Therefore the attempt of defendant, made upon a motion to vacate the modified decree, by denying the truth of the allegations of the original complaint as to the legitimacy of the issue of the marriage of plaintiff

and defendant, is unavailing. The defendant, after he was regularly served with a summons and copy of the complaint, by failing to answer, admitted the averments of the complaint. The decree as to that question is final and conclusive.

3. It is shown that the defendant is an able-bodied, single man, earning $100 or more, and is able to contribute to the support and education of his children. The plaintiff is a widow and is unable to properly support and educate the minor children. That Roberta Mack, the daughter, was born January 25, 1901, and Emmett Mack, the son, was born January 15, 1902. The proof supports the findings of the trial court. Defendant contends that he should not be required to pay plaintiff the full sum of $40 per month after Roberta Mack arrived at the age of eighteen, or after January 25, 1919.

The decree required defendant to pay plaintiff $40 per month for each and every month for the nurture and education of the minor children ''until the younger becomes of legal age.'' The statute authorizes the court when the marriage is dissolved to provide for the nurture and education of the *minor* children of the marriage. When such a child reaches the age of majority he is no longer a ward of the court, and such provision should cease to be effective. In view of the fact that the boy Emmett is approaching manhood, and appears to be able to earn a portion of his livelihood, and the defendant is not shown to possess means except as he earns wages, we think under all the circumstances that the decree should be corrected so as to require the defendant to pay plaintiff only $20 per month for each and every month commencing February 1, 1919, and thereafter until Emmett Mack arrives at the age of majority.

With this modification, the judgment and decree of the lower court is affirmed. The funds for the payment of the expenses of support and education of these minor children should not be lessened by the costs of this suit. Therefore, the defendant will be adjudged to pay all the costs of these proceedings in both the trial court and upon this appeal.     MODIFIED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.