Submitted on brief of appellant June 8, affirmed July 18, 1922.

## HERTZEN *v.* HERTZEN.

(208 Pac. 580.)

**Divorce—Minor Child Remains a Ward of the Court.**

1. A minor child of divorced parents remains a ward of the court which granted the decree of divorce, and is not bound by any decree as to the source or extent of its maintenance.

**Divorce—Application for Modification of Decree Relating to Custody of Child Should be Made to Court Rendering Decree.**

2. An application for modification of the decree relating to the custody of a minor child should be made to the court in which the decree was rendered, in view of Sections 513, 514, Or. L.

**Divorce—Presiding Judge has Jurisdiction to Hear Motion to Modify Decree Relating to Custody of Minor Child—"Court."**

3. Under Sections 3132–3140, Or. L., and Sections 913, 914, providing for additional judges in counties having a certain population, and that it shall be lawful to do any of the business of the court in any of the departments, the presiding judge had jurisdiction to hear a motion to modify a decree relating to the custody of a minor child, though the decree was rendered by another judge of the same court; a "court" being the body in the government organized for the public administration of justice, the time and place prescribed by law, a tribunal established for the public administration of justice composed of one or more judges who sit for that purpose at fixed times and places, attended by proper officers.

From Multnomah: GEORGE TAZWELL, Judge.

In Banc.

This is an appeal from an order made by the Circuit Court of the State of Oregon in and for Multnomah County, Honorable GEORGE TAZWELL, Judge Presiding. Error is assigned in overruling "the plaintiff's objection to the jurisdiction of said presid-

ing judge," and in entering an order dismissing the plaintiff's motion relating to the custody of her minor child. Plaintiff's motion reads:

"Comes now the above named plaintiff, and moves the court for an order modifying the decree of divorce entered in said suit on or about the 10th of November, 1919, and the order of this court dated May 4, 1920, also entered herein, by eliminating from said decree and from said order all provisions whereby the defendant is granted the right and privilege to visit the minor child of the parties, said motion being based upon all the records and files in said suit and upon the affidavit of the plaintiff."

A counter-affidavit was filed. Under the rules of court relating to the hearing of motions, this motion came on before Honorable GEORGE TAZWELL, Presiding Judge. The following objection was then filed:

"Comes now the above named plaintiff and objects to the hearing of plaintiff's motion being had before Hon. GEORGE TAZWELL, a judge of said court, —said motion being for an order modifying a decree herein and being brought on for argument by the defendant, on the ground that said judge has no jurisdiction to hear said motion for the reason that said suit was originally assigned to and heard on the merits by Hon. W. N. GATENS, and that inasmuch as the plaintiff's said motion is a further proceeding in said suit, the same should be heard by the judge who tried the case."

The court having overruled the objection, the plaintiff declined to present her motion on the merits or to argue the same, whereupon the court made the following order:

" * * Whereupon, the plaintiff refused to present said motion upon the merits, and the defendant at said time presented the affidavits on file herein to this court, and the court having fully considered the

same finds that the said plaintiff has refused to obey the decree of this court and the order modifying said decree, and that the plaintiff is seeking to modify the decree, and order of this court, which she refuses to obey, and the court, being fully advised in the premises,

"It is, therefore, ordered, that said motion be, and the same is hereby, dismissed * * ."

AFFIRMED.

For appellant there was a brief over the name of *Mr. B. G. Skulason.*

For respondent there was a brief over the name of *Messrs. Joseph, Haney & Littlefield.*

BROWN, J.—It is a well-established principle that, as between tribunals of concurrent jurisdiction, the one which first takes cognizance of a controversy can continue it to the end. This rule has not been violated in the case at issue. The court that granted the decree has continued its jurisdiction relating to the custody of the minor child.

On November 10, 1919, a decree of divorce was granted the plaintiff by the Circuit Court of the State of Oregon in and for Multnomah County. The decree provided, among other things, that the care and custody of Charles Hertzen, minor child of plaintiff and defendant, be awarded to plaintiff, but that the defendant be permitted, "at proper and suitable times, to visit and see said minor child." On May 4, 1920, the Circuit Court for Multnomah County, upon the application of the defendant, modified the decree, thus enlarging the privilege of the father in the matter of visiting his child. No appeal was taken from this order. Thereafter, the motion hereinbe-

fore set out was filed in the same court by the plaintiff.

1. A minor child of divorced parties remains a ward of the court which dissolved the bonds of matrimony, and is not bound by any decree as to the source or extent of its maintenance: *McFarlane* v. *McFarlane,* 43 Or. 477, 484 (73 Pac. 203, 75 Pac. 139); *Gibbons* v. *Gibbons,* 75 Or. 500 (147 Pac. 530). Such child, however, is to continue to be virtually a ward of the court: 19 C. J. 341.

2. It was held in *Ex parte Garcia* (Tex. Civ. App.), 187 S. W. 410, that a court granting a divorce cannot secure exclusive power to dispose of minor children of the marriage, and after the decree has been rendered, another court may, circumstances having changed, determine the question of the custody of the minors. However, the rule in this state is, that an application for modification of a decree relating to the custody of a minor child should be made to the court in which the decree was rendered: *Ex parte Bowers,* 78 Or. 390, 398 (153 Pac. 412); 19 C. J. 352.

Under the provisions of Section 514, Or. L., the court was empowered to modify the decree relating to the right of the defendant to visit his child: *McKay* v. *McKay,* 77 Or. 14, 16 (149 Pac. 1032); *Mack* v. *Mack,* 91 Or. 514 (179 Pac. 557).

This court has held that a provision in a divorce decree which awards the custody of a minor child to one of the parties is merely tentative: *Matthews* v. *Matthews,* 60 Or. 451, 457 (119 Pac. 766); *Bedingfield* v. *Bedingfield,* 88 Or. 711 (173 Pac. 255).

In *McKissick* v. *McKissick,* 93 Or. 644, 649 (174 Pac. 721, 184 Pac. 272), the court quotes with approval from *Gibbons* v. *Gibbons, supra:*

"The welfare of these infants is paramount to the rights of any other person."

The court then says:

"The motion before us is in the nature of a new proceeding based necessarily upon matters occurring since the former decree. We cannot, in the absence of an appeal, go behind the former adjudication and make gleanings from the evidence upon which the suit was there determined, or the custody of the child adjudicated * *.

"We remember, as the cardinal principle, that the best interest and welfare of the child are paramount to the rights or privileges, even of the parents."

As a result of the divorce suit, the court had full authority to provide for the future care and custody of Charles Hertzen, the minor child of the parties: Section 513, Or. L.

3. A court may be defined as the body in the government organized for the public administration of justice, at the time and the place prescribed by law: *Marsden* v. *Harlocker*, 48 Or. 90 (85 Pac. 328, 120 Am. St. Rep. 786).

The decree of divorce in the instant case was not granted by Honorable WM. N. GATENS, Judge, but by the Circuit Court of the State of Oregon in and for Multnomah County, WM. N. GATENS, Judge Presiding. It was rendered by "a tribunal established for the public administration of justice, composed of one or more judges who sit for that purpose at fixed times and places, attended by proper officers." Words & Phrases, Second Series. While there are seven judges and seven departments of the Circuit Court of the State of Oregon in and for Multnomah County provided by law, there is but one court, and the several departments are all departments of the

same court: *Gardner* v. *Gardner,* 33 Or. 149 (54 Pac. 809); *Combs* v. *Combs,* 99 Kan. 626 (162 Pac. 273). The law creating that tribunal and conferring upon it power, as such, in plain language enacts that "it shall be lawful to do any of the business of said court in either department."

.In the case at bar, the court had jurisdiction of the cause and of the parties. The cause was a controversy between the plaintiff and the defendant concerning the divorce and the future maintenance of their minor child. The decree rendered by the Circuit Court for Multnomah County, Oregon, cannot be questioned here, or elsewhere. It is conclusive upon the parties to it, until reversed or altered by the proper court in the jurisdiction where given.

Appellant asserts in her brief that—

"A judge who perhaps for days or even weeks has sat and heard a case is more competent to decide it, and every phase of it, than another judge to whom some feature of it is presented on a hurried motion, supported by affidavits."

The wisdom of this observation is obvious, but it does not affect the jurisdictional question in this case.

The department in which Judge Tazwell sits is designated "Department No. 7." The circuit judge provided for by Chapter 59, Laws 1919 (Sections 3132–3140, Or. L.), "shall sit in a department to be designated by the rules of the Circuit Court by an appropriate number, and shall be known as the department of probate, but the judge of such department shall, in addition to the duties in this act prescribed, perform the general duties of a judge of the Circuit Court."

Section 913, Or. L., reads:

"1. The judges of the Circuit Court in the fourth judicial district of this state, or any two or more of them, may act in joint session for the trial or determination of any matter before the court, including the trial of jury cases * *.

"2. The said judges or a majority of them may divide the business of the said court between the said judges and may otherwise regulate said business by rules or otherwise, and each of the said judges may separately try actions at law, suits in equity, criminal actions, appeals, and all other cases and proceedings hereafter brought in said court during the same term or at the same time as may be ordered by said judges or a majority of them.

"3. All actions at law, suits in equity, criminal actions, appeals, special proceedings, and all cases hereafter brought in said court, shall be numbered in the regular and consecutive order of the filing thereof. * *

"5. The judges of said court, or a majority of them, shall jointly have power to make all needful rules and regulations not inconsistent with the law, to render effectual the provisions of this section and facilitate the transaction of business."

Section 914 provides:

"All business found in one department belonging to the other, according to the above classification, may be transferred by order of the court, so as to be heard and determined in the proper department; *but it shall be lawful to do any of the business of said court in either department.*"

The court acted within its jurisdiction in overruling the plaintiff's objection, and in considering her motion.

This case is affirmed.                    AFFIRMED.

Mr. Justice McCOURT did not participate in the consideration of this case.