Argued July 9, modified September 16, 1924.

## BERTHA M. NEIL *v.* EDWARD W. NEIL.

(228 Pac. 687.)

**Divorce—Court Never Loses Jurisdiction to Change Decree Involving Custody of Minor Children.**

1. Under Section 514, Or. L., as amended by Laws of 1921, page 225, court retains jurisdiction of suit involving custody of minor children, and the decree never becomes final, but is subject to change, to suit changing conditions, and requirements of the minor and custodian.

**Divorce—Wife's Affidavit Held Sufficient to Warrant Modification of Allowance for Support of Minor Child.**

2. Wife's affidavit to modify decree to require larger payments for support of minor infant awarded to her, stating directly that allowance was not sufficient to support the child, and that plaintiff was ill and unable to earn money, *held* sufficient to warrant modification.

**Divorce—Provision for Increased Future Payments for Support of Minor Child Held Improper.**

3. Provision in order modifying allowance for support of minor child, for further increase, when wife and child should begin living apart from wife's mother, was improper since the court could not determine the matter in advance.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

This is an appeal from an order modifying a decree requiring the defendant to pay $20 per month for the maintenance of Helen Jane Neil, the infant daughter of plaintiff and defendant. The original decree prescribed that the defendant should pay to the plaintiff the sum of $15 per month for the maintenance of said child. This amount was paid regularly by the defendant for several months when the plaintiff applied to have the said decree modified basing her application on her affidavit to the effect that she "has and now does find said monthly sum insufficient" to properly maintain the child; that she was ill and unable to earn enough to support herself

and said child; that she made her home with her mother since the decree of divorce which contained the order for maintenance sought to be modified. The application was resisted by the defendant. The court made an order requiring the defendant to pay to the plaintiff for the maintenance of said child the sum of $20 per month beginning with the first day of October, 1923. Said order also contained this provision:

"Provided however; that the payment of said sum of $20 per month shall continue so long as said plaintiff and said infant daughter shall continue to live with the mother of said plaintiff.

"And provided further; that when said plaintiff and said child shall live separate and apart from said plaintiff's mother, then in that event the defendant shall pay or cause to be paid unto said plaintiff the sum of $40 per month toward the support and maintenance of said infant child."

The defendant appeals alleging as error that the court was without jurisdiction to modify said original decree and order for the reason that the affidavit supporting the motion for the modification was insufficient.                         MODIFIED.

For appellant there was a brief and oral argument by *Mr. Franklin F. Korell.*

For respondent there was a brief and oral argument by *Mr. Milton Reed Klepper.*

COSHOW, J.—1. The court retains jurisdiction of a suit involving the custody of minors. In a sense a decree or order of court awarding the custody and maintenance of minors is never final. It is subject to change to suit the changing conditions and require-

ments of the minor and of the custodian: Section 514, Or. L., as amended by Chapter 114, Laws of 1921; *Jolliffe* v. *Jolliffe,* 107 Or. 33 (213 Pac. 415; *Hertzen* v. *Hertzen,* 104 Or. 423 (208 Pac. 580); *Mack* v. *Mack,* 91 Or. 514 (179 Pac. 557); *Gibbons* v. *Gibbons,* 75 Or. 500 (147 Pac. 530).

2. While the affidavit of the plaintiff supporting her motion for a modification of the original order is not as specific as it probably ought to be, yet there is sufficient therein to warrant the court to make the modification. The decree of divorce awarding the custody of the. minor did not release the defendant from his natural obligation to support his child. The affidavit states directly that the plaintiff had ascertained that the allowance of $15 was not sufficient to support the child; that plaintiff was ill and therefore unable to earn sufficient to support herself and the child. The sum of $20 is a reasonable sum and apparently not beyond the ability of the defendant to pay. The court did not abuse his discretion by allowing the motion.

3. That part of the order providing for the increase in the allowance in case of a change of residence by the plaintiff is improper. The court should not attempt to anticipate the changing conditions and contingencies in awarding the custody of minors and providing for their maintenance. Decrees making such awards are always subject to modification and it is impossible for a court to provide in advance for changes that may occur. The welfare of the child is the prime consideration in all such matters. Modification of a decree awarding the care, control and custody, and providing for the maintenance of children should not be made except upon a proper show-

112 Or.—5

ing at the time the modification is prayed for: 9 R. C. L. 476, § 291.

For these reasons the decree of the Circuit Court will be modified by eliminating therefrom the provisos set out in the statement of this opinion and affirmed in all other respects. The defendant, who is appellant here, will pay the costs and disbursements in this court.    Modified.

McBride, C. J., and Burnett and Rand, JJ., concur.