Argued September 16, reversed and remanded with directions September 22, 1925.

## DORA HESS v. J. W. HESS.

(239 Pac. 124.)

**Divorce—Stipulation of Property Settlement Before Decree Does not Affect Rights of Child and Duties of Parents Toward Child.**

1. In application for modification of decree after divorce to provide alimony for support of minor child, parties having stipulated before divorce as to property settlement, *held* that stipulation in no way affected the rights of the child and the duties of the parents toward the child.

---

1. See 9 R. C. L. 482.

Divorce—Court, Entering Decree Without Providing for Minor
     Child, Retains Jurisdiction.
     2.    After decree of divorce, court, having made no provision for
support of minor child, retains jurisdiction under Section 514, Or. L.,
and on hearing may render complete justice and order husband to
pay for support.

See (1) 19 **C. J.** 355 (Anno.), 356.    (2) 19 **C. J.** 357.

From Multnomah: George Tazwell, Judge.

Department 1.

REVERSED AND REMANDED.

For appellant there was a brief and oral argument
by *Mr. Henry S. Westbrook.*

For respondent there was a brief and oral argument
by *Mr. C. M. Idleman.*

RAND, J.—This appeal is from an order denying
a motion filed by plaintiff in the original divorce suit
for an order to modify the decree so as to require de-
fendant to contribute $50 per month for the nurture
and support of a minor child, Anna Marguerite Hess,
the issue of the marriage between the parties.    The
original decree in the divorce suit was entered on
May 18, 1920, and by its terms plaintiff was granted
a divorce and given the custody of the child who was
then one year of age.    Prior to the entry of the decree
a stipulation had been entered into by the parties
that as a settlement between the parties of all prop-
erty rights defendant should pay plaintiff the sum
of $1,100 in money and assign over unto her a certain
note and mortgage for $400, and that in the event
of a decree of divorce being granted upon the appli-
cation of either party, no judgment or decree should
be taken against defendant by plaintiff for alimony,

2.    See 9 **R. C. L.** 483.

costs or otherwise. Plaintiff received said sum of money and said assignment. In terms, the decree provided that plaintiff shall recover ''no other costs, disbursements, attorney's fees, alimony, support, maintenance or other property or rights therein except as specifically mentioned in said plaintiff's Exhibit 'A.' '' Exhibit ''A'' was a copy of said stipulation and contains no provision for the support of the child by either plaintiff or defendant, except the following:

''The future education of the said minor child shall be left to an agreement between the parties hereto, provided they can agree; if not, the matter shall be submitted to the court granting custody of said child.''

The motion to require the defendant to contribute to the support of the minor child was supported by the affidavit of the plaintiff and was filed on December 14, 1920, but for some reason it was not heard until June 23, 1922, at which time oral testimony was offered in support of and against the motion. From the testimony thus taken it appears that the defendant is a man of considerable means and is well able to contribute to the support and nurture of the child; that the plaintiff is a poor woman, compelled to work out for her support, and at the time of the hearing had no property except the uncollected note and mortgage of $400 and about $300 of the money which she had received from the defendant, and that plaintiff, without assistance from defendant, will be unable to provide for any proper support and maintenance of the child; that since the divorce the plaintiff has supported the child without any assistance upon the part of the defendant.

Defendant contended in the court below, which contention was there sustained, and contends here, that since the original decree awarded the custody of the child to plaintiff and contained no provision requiring the defendant to contribute to its support, this court is without jurisdiction and authority to modify the decree so as to require defendant to contribute to the support of the child. Section 514, Or. L., provides:

"At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside, alter, or modify so much of the decree as may provide for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the suit."

1. While the application for the modification of this decree was made by plaintiff, it can stand on no different foundation than if it had been made for the child by any other person to whom its custody had been awarded without any provision having been made in the decree for its support. Since the child has no property which can be used as a means for its support, the defendant, being the father of the child, is as much obligated to support it as is the mother. Their obligations in that respect are mutual, and these obligations are not in any way affected by any arrangement which the parents made in the adjustment and settlement of the property of the defendant before or since the rendition of the decree. These obligations continue, and will continue, until the child reaches that stage when the law no longer enforces upon the parents the duty of providing for its nurture and support. The stipulation did not bind the mother to exclusively support the child, but if it had, it would not have been binding upon the child or

those having the custody of it, for the obligation of a parent to support a dependent child is one imposed by law and arises from the relationship of the parties and the requirements of the child, and this responsibility neither parent can shirk. If there is a contract between the parents whereby one assumes the duty of exclusively providing for the child and a breach of the contract occurs, if any liability results therefrom, the child has no interest in it. A question of that nature is not pertinent in a proceeding brought to modify a divorce decree to compel either parent to contribute to its support. There was no such contract in this case. The money and security paid plaintiff by defendant was in settlement of nothing more than the claims of the wife against the property of the husband, and from the evidence deduced upon the trial, the contract was itself harsh and oppressive, but the parties were *sui juris* and as between them the decree is final: *Henderson* v. *Henderson,* 37 Or. 141, 152 (60 Pac. 597, 61 Pac. 136, 82 Am. St. Rep. 741, 48 L. R. A. 766), and *McFarlane* v. *McFarlane,* 43 Or. 477 (73 Pac. 203, 75 Pac. 139). But the decree has no such effect upon the rights of the child and the duties of the parents toward the child. This proposition is so elementary that it hardly requires the citation of authorities in its support.

2. In *McFarlane* v. *McFarlane, supra,* Mr. Chief Justice MOORE, after pointing out that a suit for divorce, so far as it affects the marital status of the parties, is a proceeding *quasi in rem,* but so far as it relates to collateral matters, such as alimony and costs, is *in personam,* and that after a decree of divorce becomes final the jurisdiction of the court over the parties is, after the expiration of the term, at an end, which precludes the court from subsequently

granting alimony or changing the alimony granted, unless the power to do so is reserved by the court in its decree or is given to the court by statute,—quoted with approval the following:

"If the court has made no provision for custody and support in the decree, or has granted the custody to the wife without provision for their support, the provision may be afterwards made upon petition or motion and notice to the husband. Where the statute provides that the court shall have power to modify the order at any time after the decree, it is clear that the court granting the order of custody will retain jurisdiction, not only as to questions of custody, but also as to support, and a wife cannot maintain an action in another court to recover the expense of keeping the children. Her only remedy is to apply to have the order modified by the court which granted it. And upon the hearing the court may render complete justice, and order the husband to pay for past support."

Again, in *Gibbons* v. *Gibbons,* 75 Or. 500, 503 (147 Pac. 530), it was held:

"Minor children of divorced parties remain the wards of the court which dissolved the bonds of matrimony, and, as such children were not parties to the suit, they are not bound by any decree as to the source or extent of their maintenance."

See, also, *McLennan* v. *McLennan,* 89 Or. 425 (174 Pac. 161); *Mack* v. *Mack,* 91 Or. 514 (179 Pac. 557); and *McKissick* v. *McKissick,* 93 Or. 644 (174 Pac. 721, 184 Pac. 272).

Since the defendant has not contributed to any extent in the support of the child since the entry of the decree and the burden has been borne entirely by plaintiff, we conclude that the defendant should be required to pay plaintiff for the support and education of the child not less than $30 per month to be

continued until the child reaches an age when it is no longer dependent upon its parents for support, subject to the right of either party to apply to the court below for sufficient cause to increase or decrease said allowance.

The order appealed from will therefore be reversed and the cause will be remanded to the court below, with directions to enter an order requiring the defendant to pay plaintiff for the support and education of said child the sum of $30 per month, to be used by plaintiff in the support and education of said child, and it is so ordered.

REVERSED AND REMANDED WITH DIRECTIONS.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.