Argued at Pendleton October 27, reversed December 7, 1926, modified as to costs January 11, costs retaxed February 1, rehearing denied February 8, 1927.

# R. P. WELLS v. LUCY M. WELLS–CRAWFORD.

### (251 Pac. 263; 251 Pac. 907.)

**Divorce—Change in Circumstances is Necessary to Warrant Modification of Decree as to Care and Custody of Minor Children of Divorced Parents (Or. L., § 514).**

1. Modification of decree for care and custody of minor children of divorced parents under Section 514, Or. L., must be based on some change in circumstances, occurring since rendition of original decree.

**Divorce—Court Retains Jurisdiction to Modify Decree as to Custody of Minor Child of Divorced Parents.**

2. Court may retain jurisdiction to modify its order as to care and custody of minor child of divorced parents, although child is beyond jurisdiction of court.

**Divorce—Modification of Decree as to Care and Custody of Minor Child of Divorced Parents Should be Shown to be for Child's Welfare (Or. L., § 514).**

3. To warrant modification of decree awarding care and custody of minor child of divorced parents under Section 514, Or. L., modification should be shown beneficial to child, or change in circumstances since rendition of original decree should be shown to have injuriously affected child; mere showing that parent is better able to care for child than one at present so doing being insufficient.

**Divorce—Decree as to Care and Custody of Minor Child of Divorced Parents Should not be Modified Merely at Wish of Parent (Or. L., § 514).**

4. Where, under decree of court, minor child of divorced parents has been so placed that child is receiving good care and moral training and is as well cared for as when his custody was determined, no modification under Section 514, Or. L., should be decreed merely to satisfy wish of other parent.

1. See 9 R. C. L. 476.

**Divorce—Modification of Divorce Decree, Which Gave Custody of Minor Child to Mother, Merely Because Father had Remarried Held Unwarranted (Or. L., § 514).**

5. Modification of decree under Section 514, Or. L., which gave custody of minor child of divorced parents to mother, so as to give child to father, merely because father had remarried, *held* unwarranted; mother having also remarried.

**Divorce—Statute Governing Care and Custody of Minor Child of Divorced Parents must be Liberally Construed (Or. L., § 513).**

6. Section 513, Or. L., governing care and custody of minor children of divorced parents, must be liberally construed.

**Divorce—Decree Does not Absolve Parents from Responsibility for Care of Minor Children.**

7. Divorce decree does not absolve either of parents from responsibility for care, nurture and education of their minor children.

**Divorce—Statute Does not Prevent Court from Awarding Care and Custody of Minor Children of Divorced Parents to Party Against Whom Decree is Rendered (Or. L., § 513, subds. 1, 2).**

8. Section 513, subdivision 1, Or. L., governing custody of minor children of divorced parents, and giving preference to party not in fault, when construed with subdivision 2, *held* not to prevent court from awarding care and custody of such children to party against whom decree of divorce is rendered.

**Statutes—Power Granted by Statute Carries Means of Putting Such Power into Effect.**

9. A power granted by statute carries with it incidental means of putting such power into intelligent and practical effect.

**Divorce—Plaintiff, Who Did not Appeal from Decree of Modification in Divorce Action, cannot Complain Thereof.**

10. Plaintiff who did not appeal from decree of modification in divorce action, cannot complain thereof, since it is presumed to be satisfactory to him.

---

Appeal and Error, 4 **C. J.**, p. 643, n. 35.
Divorce, 19 **C. J.**, p. 341, n. 79, 80, 81, p. 350, n. 30, 38, p. 351, ₐ. 41, p. 358, n. 61, p. 359, n. 65, 66, 66 New.
Statutes, 36 **Cyc.**, p. 1174, n. 78.

From Union: J. W. KNOWLES, Judge.

In Banc.

Plaintiff and defendant were married at Baltimore, Maryland, in 1911. Two children were born, the issue

---

7. Liability of father for support of children awarded to mother by decree of divorce not providing for maintenance, see note in 15 **A. L. R.** 569. See, also, 9 **R. C. L.** 479.

of the marriage. In 1924 the parties were divorced by a decree of the Circuit Court for Union County, Oregon. The decree provided as follows:

"That the exclusive care, control, custody, nurture and education of the minor children of the parties, to wit, Arthur Paul Wells, aged 8, born October 3, 1915, now in the custody of the plaintiff, and Mildred Wells, aged 5, born February 15, 1919, now in the custody of the defendant, be and the same hereby is awarded to the defendant, Lucy M. Wells, subject to and with the right and privilege to the plaintiff to visit said minor children from time to time so as not to interfere with their regular care by the defendant, or with their school work, and subject further to the unlimited right of the defendant to take said children, or either of them, from without the jurisdiction of this court.

"That the plaintiff pay to the defendant, at her residence, on or before the 10th day of each and every month, for the care, nurture and education of said children during their minority, the sum of $60 per month, the said payments to commence with the month of June, 1924."

On January 18, 1926, plaintiff filed a motion supported by an affidavit for a modification of the decree, so as to award the exclusive care and custody of the two minor children to plaintiff, R. P. Wells, the father, and relieving plaintiff of the payment of anything to defendant for the support of the minor children. Defendant answered the motion for a modification and plaintiff filed a further affidavit replying thereto.

Upon a hearing of the motion the Circuit Court made and entered findings of facts and conclusions of law and modified the former decree so that plaintiff R. P. Wells should have the exclusive care and custody and control of Arthur Paul Wells; that defendant Lucy M. Wells-Crawford have the exclusive care, custody

and control of Mildred Wells; that plaintiff be relieved from all past payments for the support of said minor, not already made; and that from and after July 1, 1926, plaintiff pay to defendant, for the support of Mildred Wells, the sum of $30 per month in advance; that each party have the right to visit the child in the custody of the other party, at the home of such party at all reasonable times. Defendant appeals.          REVERSED.  REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. F. S. Ivanhoe.*

For respondent there was a brief over the name of *Messrs. Ringo & Wright,* with an oral argument by *Mr. E. R. Ringo.*

BEAN, J.—Defendant refers to the fact that she is not charged either in the divorce proceeding, or in the proceedings to modify the decree, with any delinquency. It is admitted that she has been at all times a good mother and has taken proper care of her children. Since the divorce each of the parties has remarried. Both now live in La Grande, Oregon. Defendant has married R. A. Crawford, a respectable and prosperous citizen of La Grande, who owns and provides defendant with a good home. Plaintiff married one Hazel Barnes and is living in a rented house. Plaintiff and his present wife have one child. Mr. Wells is employed by the O.-W. R. & N. Company and usually receives as wages $39.36 per week, and occasionally, when substituting for the foreman, he receives an additional sum of forty cents per day. Plaintiff stated that he and his wife will give the two children proper care and that it is for the best inter-

ests of the children that they be kept together. The affidavit of plaintiff contains the following:

"That since the entry of decree herein the defendant has placed the minor child, Arthur Paul Wells, in the care and control of Mrs. John Barwith, who is defendant's mother, and who resides in Baltimore, Maryland; that plaintiff resides at La Grande, Oregon, and is necessarily deprived of the privilege of associating with and visiting with his said son, Arthur Paul Wells, and that since the entry of said decree said defendant has remarried and is now the wife of Richard A. Crawford, residing on Tenth Street, in the city of La Grande.

"That the payment of the sum of $60.00 per month is burdensome to me and I can support said children as well or better than they are now supported for half of said amount, if I am permitted to have their care and custody."

Defendant states that she is in all respects a proper person to have the care and custody of each of said minor children; that it is not for the best interests of said children, or either of them, to be awarded to plaintiff.

That the said Mildred Wells is now living with this defendant, and cared for by her in a home provided by the husband of defendant, and with means loaned by said husband to this defendant for that purpose. That the other child, Arthur Paul Wells, is now living in Baltimore, Maryland, with the mother of defendant, where he is being properly cared for and educated with funds and means borrowed by defendant from her said husband.

That long prior to the divorce decree and ever since, plaintiff, as a mechanic in the shops of the O.-W. R. & N. Company, at La Grande, has received wages ranging from $250 to $400 per month and with

120 Or.—36

reasonable care could have saved sufficient money to purchase a home, but that by reason of his extravagant and profligate habits he is, or claims to be, always broke, without funds, and unable to pay his debts. That since October, 1925, plaintiff has neglected and refused to pay defendant the sum decreed for the support of said minor children, although able to do so. That the whole of the sum is necessary for their proper support.

At the hearing of the divorce case, plaintiff stated in his testimony as follows: "I am willing for her to take the boy for this reason, I have no way to take care of the boy myself." He consented to the decree for the payment of $60 per month for the support of the children. Plaintiff also gave his assent to the mother taking the children to her people in Maryland. Appellant admits that there is shown no change of conditions affecting the minor children since the rendition of the original decree which warrant a modification of the decree as to the care and custody of the minors.

Respondent, in addition to his general claim, argues that the court was not authorized under the statute to award the custody of the minor children to defendant in the original decree, as the decree of divorce was in favor of plaintiff.

Section 513, Or. L., so far as material here, provides thus:

"Whenever a marriage shall be declared void or dissolved, the court shall have power to further decree as follows: 1. For the future care and custody of the minor children of the marriage, as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, giving the preference to the party not in fault; 2. For the recovery of the party in fault, and

not allowed the care and custody of such children, such an amount of money, in gross or in installments, as may be just and proper for such party to contribute towards the nurture and education thereof."

Section 514, Or. L., reads as follows:

"At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside, alter, or modify so much of the decree as may provide for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the suit."

In *Neil* v. *Neil,* 112 Or. 63 (228 Pac. 687, at page 688), we read the language of Mr. Justice COSHOW, as follows:

"The court retains jurisdiction of a suit involving the custody of minors. In a sense, a decree or order of court awarding the custody and maintenance of minors is never final. It is subject to change to suit the changing conditions and requirements of the minor and of the custodian. Sec. 514, Or. L., as amended by Chapter 114, Laws of 1921; *Jolliffe* v. *Jolliffe,* 107 Or. 33 (213 Pac. 415); *Hertzen* v. *Hertsen,* 104 Or. 423 (208 Pac. 580); *Mack* v. *Mack,* 91 Or. 514 (179 Pac. 557); *Gibbons* v. *Gibbons,* 75 Or. 500 (147 Pac. 530)."

In *Rasmussen* v. *Rasmussen,* 113 Or. 146, 148 (231 Pac. 964), this court said:

"The original decree adjudicated the custody of the minor child. That decree has become final so long as the conditions then existing remain unchanged: *Merges* v. *Merges,* 94 Or. 246, 253 (186 Pac. 36)."

In *Merges* v. *Merges,* 94 Or. 246, at page 254 (186 Pac. 36), the rule is stated by Mr. Justice BURNETT thus:

"The order of February 3, 1913, therefore, granting the exclusive custody of the son to his father, the defendant, was final and conclusive in the absence of an appeal therefrom and can be changed or superseded only by a showing that for some reason the father is not competent to care for the child or that some condition has arisen rendering his further care and custody by the father inimical to the child's welfare." "The burden is upon the party, the plaintiff here, seeking to overturn the arrangement made by the order of February 3, 1913, for he is the moving party."

In *Brandt* v. *Brandt,* 40 Or. 477 (67 Pac. 508), the allowance for alimony was treated as final, so far as the same relates to the then conditions of the parties, subject to revision as later developments might affect their relations.

1, 2. The modification of a decree, for the care and custody of a minor child of divorced parents, must be based on some change in the circumstances relating thereto and occurring since the rendition of the original decree, or upon some fact not known at the time of such decree. Such a decree is final as to the conditions then existing: 2 Schouler on Marriage, Divorce and Separation (6 ed.), § 1897. It is said that a court may retain jurisdiction to modify its order although the child is beyond the jurisdiction of the court: Idem, § 1900; citing *Burns* v. *Shapley,* 16 Ala. App. 297 (77 South. 447); *Miller* v. *Higgins,* 14 Cal. App. 156 (111 Pac. 403).

3, 4. In order to warrant the court in modifying a decree for the care and custody of such minor child, it should be shown that such a modification would enhance the welfare of the child, or that the change in circumstances, since the rendition of the original decree, has been such as injuriously affected the child.

It is insufficient that the parent show he is better able to care for the child at the present time than when the divorce was granted. In order for the plaintiff father to have the decree modified, so as to award him the care and custody of Arthur Wells, the minor, he should show that the child does not receive the care that he should, or that he did, when the divorce was granted, or at least that he can give him better care than he has received while in the custody of his mother. Where, under the decree of the court, a minor child has been so cared for and placed, so that the child is receiving good care and good moral training, and is as well cared for as when his custody was determined, no modification of the decree should be made in order to satisfy the wish of the father.

The record discloses that the plaintiff commenced the suit for divorce. At that time the wife was at the home of her people in Baltimore, Maryland. The grounds of the divorce were alleged to have been cruel and inhuman treatment, consisting of extravagance and bad temper. At that time the plaintiff had the boy with his brother, at Reith, Oregon, and the mother had the girl with her in Baltimore. She returned to Oregon, appeared in the suit, denying the allegations of the complaint, as to cruel and inhuman treatment, and in her answer, which is undenied by a reply, alleged:

"1. That the mother was a fit and proper person to have the care, custody and control of the two minor children of plaintiff and defendant, and should be awarded such custody.

"2. That the sum of $60.00 per month is a proper sum to be paid by plaintiff to defendant for their support during their minority.

"3. That plaintiff was well able to pay her said sum for said purpose during said time."

In his testimony the plaintiff expressly admitted "she always took good care of the children"; and if the court awarded her their custody, he was "able to and would be willing that the court should make a proper award to her for the support of the children." He admitted that the provision of the payment of $60 per month for the care of the two minor children would be satisfactory. The mother took immediate custody of each of said minors, and the record shows that she has taken good care of the children.

5. In the present case the change in the condition relating to the care of the children, in so far as plaintiff is concerned, is that plaintiff has married. So also has defendant. This would seem to balance the account in this respect. Apparently each of the parents have bettered their circumstances, as affecting their ability to care for the boy. The father is an industrious, hard-working man and nothing is shown against his character. It is evident, however, that the care of the boy, if in the custody of the father, must depend largely upon the stepmother, who already has one child of her own. The indications are strong that the child's moral, physical and spiritual welfare will be better assured in the custody of his own mother, whose natural love for her child will stimulate her to see that at all times he has proper training, loving care and attention, not subordinate to any other child. It appears that the boy lives with his grandparents, under the direction and control of his mother, and is subject to good wholesome influence. A change, without his condition being improved, would be experimental and unwarranted. In the consideration of this matter the welfare of the child is paramount and controlling above all other questions: *Merges* v. *Merges,* 94 Or. 246, 252 (186 Pac. 36).

The language recorded in the latter case at page 257 of the Report is applicable to. the case in hand. It is to the purport: To sum up, on this point, it is plain that since the decree no material change has occurred in the father's ability or inclination to care for the child. "If he was fit then to have the care of the child, he is fit now." The mother voluntarily relinquished the custody of the child. Her marriage does not retract from the finality of the former decree so as to turn the scale in her favor or aid to show that new conditions have arisen requiring a change of custody of the minor. In the Merges case, the contention of the defendant that he was entitled to preference in awarding the custody of the child, under the statute, as he was not the party at fault in the divorce case, was discarded by a reference to Section 7057, L. O. L. (now Section 9765, Or. L.).

The plaintiff makes the same contention in the case at bar as that referred to in the Merges case.

6. The original award of the custody of the children was a carrying out an agreement of the parties. According to 2 Schouler, Section 1884—"Such an agreement gives the court power to make such a decree." We think it unnecessary for the court to look to such source for its power.

The provision of Section 513, Or. L., construed with all its various paragraphs, confers plenary and ample power to carry out the evident purpose of the law. It is remedial and should be liberally construed. The children are not parties to a divorce suit and are not responsible for domestic difficulties, and are entitled to the protection the law seeks to extend them: *McLennan* v. *McLennan,* 89 Or. 425, 426 (179 Pac. 161); *Hertzen* v. *Hertzen,* 104 Or. 423, 429 (208 Pac. 580); *Taylor* v. *Taylor,* 47 Or. 47, 51 (81 Pac. 367).

In *Taylor* v. *Taylor, supra,* a case much like the one in hand, the husband obtained the divorce, and the two minor children, a boy and a girl, were placed in the custody of the mother. The husband was required to pay to the mother for the support of the children the lump sum of $6,500. The decree was affirmed by this court.

7. The decree of divorce in the present suit did not absolve either of the parents from responsibility for the care, nurture and education of their minor children. The plaintiff was bound to contribute thereto according to his means. This is conceded by counsel for plaintiff but they contend that he cannot be compelled to do so in this suit. A different proceeding is suggested as necessary. With this contention we cannot agree.

The children are virtually wards of the court which has jurisdiction of the parties and of the subject matter of the suit. A court of equity will not leave such children without means of sustenance and send them out to litigate for their existence but will make appropriate provision therefor if possible.

8. The provision in subdivision 1, Section 513, Or. L., to the effect that the court should have power to decree for the future care and custody of minor children of the marriage when the same is declared void or dissolved, as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, giving the preference to the party not in fault, when read in connection with subdivision 2, does not prevent the court from awarding the care and custody of such children to the party against whom the decree of divorce is rendered.

9. A power granted by statute carries with it the incidental means of putting such power into intelligent and practical effect: *De Vall* v. *De Vall,* 57 Or. 128, 143 (109 Pac. 755; 110 Pac. 705); *Taylor* v. *Taylor, supra.* Provision by order of the court for the support of such minor children is incidental and necessary to the exercise of the power to grant a divorce and decree for the care and custody of the minor children. Such power is not abrogated by subdivision 2 of the section.

It is urged by defendant that under the ruling in *Lambert* v. *Lambert,* 16 Or. 485, 486 (19 Pac. 459), the trial court had no authority to award the custody of the children to the defendant. In the Lambert case the court said:

"We are of the opinion, in the absence of a finding and proof, that it would have been improper to award the care and custody of the child to the appellant; the circuit court was not justified in giving the respondent the preference in that regard."

In the case at bar, the finding and the proof complies with the requirement enunciated in the last above quotation. The trial court in the original case found the defendant, Mrs. Wells-Crawford, was a fit and proper person to be awarded the exclusive control and custody of the children of the parties. The defendant at that time testified that he had no way of caring for the boy, and it would have been manifestly improper for the court to have awarded him the custody of the children under such circumstances, and the finding of the court, as we understand it, is to that effect. The plaintiff was given his preference in the award.

The learned trial judge took the view, as we glean from his opinion, that the original award was not

void, but voidable. As we view it, the original award was perfectly legal and appropriate. Many decrees have been rendered in divorce suits awarding the custody of the minor children of the parties to the parent against whom the decree of divorce was rendered. The court is not impotent under the statute in providing for the care of such minor children under the unfortunate circumstances of a divorce in the best manner possible, with due regard to the moral, physical and spiritual welfare of such children. See cases above cited.

If the award made by the court from which this appeal was taken had been an original award of the custody of Arthur Paul Wells, the minor, we should feel constrained to affirm such decision. We do affirm the award made in the original decree and we find no legal reason for changing that award. Plaintiff cites and relies upon the following cases: *Hengen* v. *Hengen,* 85 Or. 163 (166 Pac. 525). This case relates to a money judgment for $11,000 rendered by the Circuit Court, and also for suit money. The case does not involve the case of minor children and is not in point. Also *Taylor* v. *Taylor,* 70 Or. 510 (134 Pac. 1183, 140 Pac. 999), where alimony amounting to $8,665, and suit money amounting to $2,500, was decreed when the suit was dismissed and no final decree rendered. No question in regard to the custody of minor children was therein considered or involved.

In view of all the facts and circumstances disclosed as they now exist, we think the amount the plaintiff should pay defendant for the support of the two children should be reduced to $40 per month on the first day of each month, commencing or dating July 1, 1926: 19 C. J. 341, 789 et seq.

10. The plaintiff did not appeal from the decree of modification and it must be presumed that it is satisfactory to him. Yet it is argued that the custody of both of the minor children should be awarded to plaintiff and he should be relieved from the monthly payments of $60 as the case is tried *de novo.*

This court only considers so much of a suit as is brought here by the record. It does not reach out and review part of a decree not brought here by appeal. This is elementary.

The decree of the lower court modifying the original decree is reversed, and the original decree awarding the care and custody of the minor children to the defendant, Lucy M. Wells-Crawford, that plaintiff be relieved from all past payments for the support of said minors which were due prior to July 1, 1926, and not already made, and requiring the plaintiff to pay to the defendant $40 on the first day of each month from July 1, 1926, for the care, nurture and education of such minor children during their minority, is restored, as modified.

Neither party will recover costs in this court.

REVERSED.    REHEARING DENIED.

Mr. Justice RAND did not sit in this case.

Modified as to costs January 11, 1927.

ON PETITION FOR REHEARING.

(251 Pac. 907.)

For the petition, *Mr. F. S. Ivanhoe.*

*Contra, Messrs. Ringo & Wright.*

BEAN, J.—In our former opinion we directed a modification of the original decree so as to award the

care and custody of the minor children, Arthur Paul Wells, born October 3, 1915, and Mildred Wells, born February 15, 1919, to the defendant Lucy M. Wells-Crawford and requiring the plaintiff R. P. Wells to pay to the defendant $40, dating on the first day of each month from July 1, 1926, for the care, nurture and education of said minor children during their minority; and decreeing that plaintiff be relieved from all past payments for the support of said minors, which were due prior to July 1, 1926, and not already paid.

The plaintiff was relieved from these payments largely upon the recommendation of the trial court, the judge of which was more familiar with the circumstances than this court.

Our former opinion directed that neither party would recover costs in this court. Upon further consideration, it appearing that the mother, Lucy M. Wells-Crawford, is possessed of limited means, and that if she pays the expense of the suit it may necessarily entrench upon the amount provided for the children, which has already been reduced; therefore the defendant Lucy M. Wells-Crawford will be awarded costs and disbursements in the Circuit Court and in this court.

In all other respects the petition for rehearing will be denied.       MODIFIED AS TO COSTS.