Argued February 10, affirmed April 9, 1970

WELLS, *Respondent, v.* WELLS, *Appellant.*
467 P2d 650

*William R. Thomas,* Lebanon, argued the cause for appellant. On the brief were Morley, Thomas, Orona & Kingsley, Lebanon.

*Michael F. McClain,* Corvallis, argued the cause for respondent. On the brief were Ringo, Walton & McClain, Corvallis.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

SCHWAB, C. J.

This is an appeal by the defendant from a decree of divorce. Although the case was strongly contested on various issues, this appeal is concerned only with that portion of the decree entered on June 2, 1969, which provided for child support payments of $62.50 per month for each of four minor children as of May 1, 1969, and increasing to $75 per month per child as of January 1, 1970.

The youngest of the four children is now just under six and the oldest a little over 12 years of age. The defendant, who is employed by the federal government, has a net income in excess of $700 per month after all deductions. The court, in entering its decree providing for total support money for the four minor children of $250 per month for a period of eight months and $300 per month thereafter, did not indicate why it chose this method of fixing the amount of child support. The defendant contends that it was error for the trial court to provide for acceleration of child support payments at some future time in the absence of evidence at the time of the decree that a reasonable certainty existed that future changes in circumstances would justify such increases. He relies on *Picker v. Vollenhover*, 206 Or 45, 290 P2d 789 (1955), and *Neil v. Neil*, 112 Or 63, 228 P 687 (1924), as authority for his position. The pertinent language of *Neil v. Neil,* supra, is found at page 65 where the court said:

> "That part of the order providing for the increase in the allowance in case of a change of residence by the plaintiff is improper. The court should not attempt to anticipate the changing conditions and contingencies in awarding the custody of minors and providing for their maintenance. Decrees making such awards are always subject to modification and it is impossible for a court to

provide in advance for changes that may occur
* * *."

This language is not determinative of the issue before us. The thrust of this language is that support orders should not provide for future increases based upon contingencies that might or might not happen. The passage of time is not an event which may or may not occur.

*Picker v. Vollenhover*, supra, cites the language from *Neil v. Neil*, supra, quoted above, but also states:

"The fact that the court must determine the issue of support on the basis of the evidence presented does not mean that the support order may not look into the future. It does mean that the looking into and the providing for the future must be determined by the evidence of the present." 206 Or at 71.

We do not know from the record why the trial judge did not require the defendant to pay $300 per month total child support from the date of the decree rather than as of a date eight months in the future. It may be that he wanted to give the defendant an opportunity to meet unusual expenses incurred by virtue of the divorce proceedings.

The relevant question is: under all the circumstances disclosed by the record, was $75 per month support money for each of the four minor children a reasonable amount to require the defendant to pay as of the time the case was heard in the trial court? The many-times-stated rule by which an appellate court is bound is that the award of child support lies in the sound discretion of the trial court and its judgment will not be disturbed on appeal except in cases of clear abuse. *Smith v. Smith*, 212 Or 654, 656, 320

P2d 1111 (1958). Measured by this standard we cannot say that the award of the trial court was unreasonable.

Affirmed.